Ruffin, Chief Justice.
 

 If it be admitted that the grant to Webb covers the land in dispute, yet if the deeds to the lessor of the plaintiff do not also cover some part, he has no title, and the verdict ought to have been for the defendant. Upon this last point we entertain the same opinion his Hon- or gave; and, as that is decisive against the action, it is unnecessary to consider the other point.
 

 It is clear that according to the description by metes and bounds, contained in the deeds to the lessor of the plaintiff, neither of them embraces any portion of the land in controversy. In the grant the third line runs South 60 West
 
 ten chains by a pine in Jackson’s line;
 
 thence
 
 with it
 
 South 35” West &c. It is by the force of these calls, if at all, that the pat ent covers the Land in possession of the defendant. Now the deed from the sons, if it be admitted to run with the patent to the second comer, runs “ thence South 60 West
 
 tenpoles”
 
 instead often chains, and
 
 does not call for Jackson’s line,
 
 nor for any object to control course and distance. It must therefore stop at the end of the distance, and then run so as to leave out the whole land in dispute. The deed from Hannah Everett is still more defective. In the grant the second line runs North 30' West
 
 forty-four chains and seventy-three links
 
 to a stake
 
 among four pines.
 
 In this deed it runs the same course
 
 thirty-four chains
 
 and seventy-three links, and the pines are not called for but a stake only. Stopping ten chains short of what is called for in the patent, (supposing this last to include the land in dispute,) it is obvious that the disputed land cannot be included, even if the subsequent calls in the deed corresponded with those in the patent. The deed omits the two next lines altogether, and describes the tract as having, instead of six, only four, lines.
 

 But it is urged that these defects are supplied by the reference to the grant to Webb and by other general terms, which, it is said, denote an intention to convey all the land
 
 *256
 
 the bargainors derived from Lawrence Everitt, namely, the whole tract granted to Webb. We do not doubt, that, by a ®
 
 ;n
 
 proper reference of one deed to another, the description of the ]atter may be considered as incorporated into the former, and both be read as one instrument for the purpose of identifying the thing intended to be conveyed. That was done in
 
 Ritter
 
 vs.
 
 Barnett,
 
 4 Dev. & Bat. 133, and in
 
 Campbell
 
 vs. McArthur, 2 Hawks 33. But in those cases, the calls in the several deeds were not inconsistent with each other, and there was a manifest intention to conyey the
 
 lohole or a certa^1 Vart
 
 the particular tract described in the grant or deed referred to. Therefore such a reference was allowed to help an imperfect description, so as to make it conform to the principal intention. But, in this case, the calls of the patent and the deeds are absolutely inconsistent, and cannot be reconciled. Moreover each deed sets out with the declaration that the bargainors meant to convey “
 
 a part of a tract of
 
 land,” and not the whole tract that was granted to Webb; and then it proceeds to give a specific description by courses and distances, which do in fact include a part and but a part of the land granted to Webb.' It maybe possible and probable that the part meant was such part of the whole tract, as the bargainors were respectively entitled to. But that is not said, and can only be conjectured; and, without a plainer guide than mere conjecture, we are not at liberty to depart from the terms of special description contained in the deeds.
 

 The cases vs. 4Dev. & and CampMcArthur, 33 ^ted3 and approve '
 

 Per, Curiam. Judgment of the Superior Court affirmed.