J. C. CARTER et. al. Trustees of the SWAN ISLAND CLUB v. W. H. WHITE et. al.

*Grant— When and how Vacated—Descriptions in.*

1. A description in a grant as "a tract of land, containing 67½ acres, lying and being in the County of Currituck, known by the name of Walker's Island," was followed by a further and particular description, giving beginning and the courses and distances of the various lines, which did not include all the land on Walker's Island; *Held,* that the specific descriptions by metes and bounds must prevail over the general designation, and only the lands embraced in the former passed by the grant.

2. The remedy provided by *The Code*, §§ 2785 and 2787, for persons aggrieved by the issuing of grants is only available to a senior against a junior grantee.

This is a CIVIL ACTION to vacate a grant, tried before *Montgomery, J.,* at Spring Term, 1888, of CURRITUCK Superior Court.

On December 5, 1832, a grant from the State issued to D. W. Dunton, under whom, by a succession of conveyances, the plaintiffs claim title for a tract of land, described as follows: "A tract of land containing sixty-seven acres and a half, lying and being in the County of Currituck, known by the name of Walker's Island, beginning at a creek called Ben Hall, it being the southeast corner of James Brabble and Maxmillian Tatem's line; thence running south five degrees, west forty-six chains and fifty links, to a post; thence north thirty-eight degrees, west thirty-seven chains, to the marsh; thence along the marsh north seventy-three degrees, west five chains and twenty-five links; thence north fifteen degrees, west one chain, to the mouth of Walker's Creek; thence along said creek and James Brabble and Maxmillian Tatem's line, to the beginning."

On the twenty-first day of June, 1886, a grant issued to the defendant W. H. White, through whom the associate

defendants claim for a tract of land therein described, in these terms: "A tract of land containing twenty-eight and forty-one one-hundredths ($28\frac{41}{100}$) acres, lying and being in the County of Currituck, on Walker's Island, beginning at a stake on the west side of Walker's Island, running south three and a half degrees, west seven chains, binding the waters on Little Walker's Creek; thence south nine degrees, east nine chains; thence south thirty-three degrees east, binding the sound seven chains; thence south forty-eight degrees, east along the south side of Walker's Island, binding the sound five chains; thence south sixty-three, east binding the sound five chains; thence south twenty-two, east binding the sound four chains; thence north sixty and a half, east along the marsh, to the mouth of a little creek, five chains and twenty-five links, to the Dennis Dunton line; thence with said line north thirty-eight degrees, west twenty-six chains; thence north seventy-three degrees, west five chains and twenty-five links; thence north fifteen degrees, west one chain to the beginning."

The complaint based upon the act of 1798, (*The Code*, § 2786) alleges that this junior grant embraces land within the boundaries of that issued in 1832 to the estate in which they have succeeded, was procured by the grantee W. H. White, with a knowledge of the fact of the interference, unlawfully and fraudulently, and if permitted to stand is a cloud upon their title, and ought to be removed. To this end the plaintiffs demand that the same be adjudged and declared null and void, and the shade thus cast upon their title dispersed as authorized by the statute.

The answer controverts these averments, and the parties consenting to a trial of the facts by the Judge, in place of the jury, he finds, besides the conveyances already recited, these further facts material to the solution of the controversy raised in the pleadings:

That Ben Hall Creek, the marsh, Walker's Creek, Little Walker's Creek and the Sound, mentioned in the grant, are natural objects and were located; that Walker's Island contains more in area than 67½ acres of land, and that the lands covered by defendant's grant are a part of Walker's Island—but are not included within the courses and distances of plaintiffs' grant.

It was admitted by plaintiffs that there was no evidence that the defendants obtained their grant by fraud, false suggestions or surprise, and that there was no evidence that the defendants knew or had reason to know that the plaintiffs, or those under whom they claim, had any grant which covered the land contained in the boundaries of defendants' grant or that the land contained in defendants' grant had ever been granted by the State, except the fact that one line of defendants' grant called for Dennis Dunton's line.

The plaintiffs' grant was registered.

Upon the foregoing facts and admissions, the plaintiffs moved for judgment, upon the grounds that the grant under which they claimed conveyed the whole of Walker's Island, and that the whole of Walker's Island having been thus granted to them, it was "against law" for the defendants to take a grant for the same land.

The defendants also moved for judgment upon the grounds, that all of Walker's Island was not conveyed in plaintiffs' grant, but only such portion of it as was contained in the boundaries "beginning at the creek called Ben Hall, the corner of James Brabble and Maxmillian Tatem's line," &c., and that as it was found as a fact that the land conveyed in defendants' grant was not within the boundaries of plaintiffs' grant, the said land was the subject of entry and grant by the State to the defendants. The defendents further insisted, that the description in the will of D. W. Dunton was too indefinite and vague. The defendants further insisted, that there being

no evidence that defendants obtained their grant by fraud, false suggestion, or surprise, or that defendants knew or had reason to know that the land had theretofore been granted to plaintiffs, that it was not "against law" for them to procure a grant for the land, even if it had been theretofore granted to plaintiffs; that plaintiffs' remedy was by action for recovery of land, or for trespass.

The Court refused plaintiffs' motion, and rendered judgment for the defendants.

Plaintiffs appealed.

*Mr. L. D. Starke*, for the plaintiffs.
No counsel for the defendants.

SMITH, C. J., (after stating the case.) The statute which authorizes the present action provides that any person "aggrieved by any grant or patent issued or made since July 4, 1776, to any other person *against law, or obtained by false suggestion, surprise or fraud*," may proceed in the Superior Court to have the same "repealed and vacated," and as the complaint must allege, so the evidence must show, that the obnoxious patent issued against law, or was procured under the circumstances and conditions pointed out, or the action must fail. In the construction of the statute it is held that the remedy is open only to a senior against a junior grantee, inasmuch as none can be aggrieved unless he has an interest in the subject matter of the obnoxious grant when it issued, which a junior grantee has not, and that the purpose is to remove a cloud overshadowing a previously acquired title. *O'Kelley* v. *Clayton*, 2 D. & B., 246, following the elaborate discussion of the point by Daniel, J., delivering the opinion in *Crow* v. *Holland*, 4 Dev., 417. It is not less necessary that the junior grant, sought to be vacated, must have issued "against law, or been obtained by false

101—3

suggestion, surprise or fraud," to invalidate it as a convey-
ance, and put it out of the way of the aggrieved party.
*Miller* v. *Twitty*, 3 D. & B., 14.

The facts ascertained by the Court clearly fail to bring
the case within the operation of the law, so as to entitle the
plaintiffs to the relief they demand, unless, as their counsel
maintain, their grant embraces the whole of Walker's
Island, with its water boundaries, and is not circumscribed
by the specific lines that follow the calls and general desig-
nation of that Island. For it is definitely found that if
those lines are pursued the defendants' land lies wholly out-
side of them, and as there is no interference, the plaintiffs
have no claim to possess an interest in the latter, and cannot,
in the sense of the law, be an aggrieved party.

So the solution of the controversy depends entirely upon
the construction to be put upon the descriptive terms con-
tained in the grant to Dunton. Does the call of the land
as "known by the name of Walker's Island," notwithstand-
ing what follows as a specific designation by distinct and
definite boundaries of its extent, control in the construction?

While the words recited, unconnected with others, will
embrace a water bound tract as an island is such, yet. upon
every well settled rule of interpretation, subsequent restric-
tive words, giving and defining its boundaries, must have
the effect of qualifying the preceding general designation.

The Island determines, as does the mention of the county,
the locality of the land granted; the particular description,
what portion is intended, and thus the general and true intent
is reached, and an apparent repugnancy avoided, and the
deed rendered self-consistent.

It cannot be necessary to cite authority in the support of
so manifest a proposition, and we refrain from prosecuting
the discussion. As then, the land described in the defend-
ants' grant, is not embraced in that of the plaintiffs; the
latter have no standing in Court to make complaint of the

action of the grantee White, under the statute, as they have no claim to the land granted to him, nor was his grant unlawful.

This being the only exception in the record of which we can take notice in the appeal, and it being untenable, it must be declared that there is no error, and we affirm the judgment.                                                       Affirmed.