SARAH COX v. J. B. McGOWAN.

*Deed—Inconsistent Descriptions—Intention of Grantor.*

1. All rules adopted for the construction of deeds embody what the law, founded on reason and experience, declares to be the best means of arriving at the intention of the parties at the time of the delivery of the deed; hence, course and distance or even what is considered, in law, a more certain or controlling call, must yield to evidence, if believed, that the parties at the time of the execution of the deed actually ran and located a different line from that called for, such evidence being admitted to show the description of the line to be a mistake.

2. Where a deed contains two irreconcilable descriptions of the entire boundaries of a tract of land or of a single line, calls for more stable monuments; such as the lines of other tracts or well known natural objects, will be adopted rather than course and distance.

3. Where there are inconsistent descriptions in a deed, although in doubtful cases the custom most favorable to the grantee will prevail on the rule that the first description is presumed to express the true intention of the parties, yet a specific description will prevail over a general one whether it comes before or after the latter.

CIVIL ACTION, for the recovery of land, tried before *Bynum, J.*, at April Term, 1891, of PITT Superior Court. There was judgment for the defendant, and plaintiff appealed. The facts appear in the opinion of Associate Justice AVERY.

*Messrs. Jarvis & Blow*, for plaintiff (appellant).
*Mr. Jas. E. Moore,* for defendant.

AVERY, J.:  The plaintiff, Sarah Cox, claims through a purchaser at a foreclosure sale under a mortgage deed

executed by the defendant, J. B. McGowan, to one W. H. Cox, wherein the land conveyed is described as "a certain tract of land in the county of Pitt, bounded on the north by the land of S. F. Worthington, on the east by the lands of T. A. McGowan and on the south and west by the lands of Henry Carey, being the part of the Burton McGowan land conveyed by him to James H. McGowan, and containing eighty-seven acres, more or less." The action is brought for possession and the land declared for in the complaint is described in the same way as in the deed, except that the second description after the words "and conveyed" is omitted. Prior to the execution of the mortgage Henry Carey, whose name is mentioned as adjacent owner in the deed, had aliened one and a half acres of his original tract to James B. McGowan, who had conveyed in exchange that for the same amount of the land previously conveyed to him by Burton McGowan. This had been done in order to straighten the division line between the two, the result being that the line of J. B. McGowan on the south was not the same when the mortgage deed was executed in March, 1891, as when Burton McGowan had previously conveyed to him. Carey was not twenty-one years of age when he executed the deed to the acre and a half in 1889, but executed another deed for the same in fulfillment of a promise then made to ratify on arriving at full age in October, 1891, but after the execution of the mortgage. The deed, being a voidable executed conveyance, might have been ratified without the execution of another deed (*Turner* v. *Gaither*, 83 N. C., 357 *et seq.*) but that, as an act of affirmance, when done, had relation back, so as to make the original deed valid *ab initio* instead of void. 10 Am. & Eng. Enc. pp. 647 and 648. Note 1. *McCormac* v. *Leggett*, 8 Jones, 425.

The plaintiff contended that under the first of the two

descriptions, the one acre and a half on which W. H. Cox had erected his improvements, passed by the mortgage deed in March, 1891,—the line of Henry Carey at that time having been so altered by the exchange as to run south of it. The defendant insisted that the reference to the Burton McGowan deed was equivalent to inserting its calls as a second description in the mortgage deed, and, if that were not so, that the two descriptive clauses might be construed together so as to give effect to both and make the two consistent by adopting the Carey line described in the Burton McGowan deed instead of the division line established by the exchange.

All rules adopted for the construction of deeds tend towards one objective point. They embody what the law, founded on reason and experience, declares to be the best means of arriving at the intention of the parties. 3 Washburn, 428 and 429. The intention of course relates to the time when the deed is delivered, hence course and distance, or even what is considered in law a more certain or controlling call, must yield to evidence, if believed, that the parties at the time of the execution of a deed actually ran and located a different line from that called for, such evidence being admissible to show the description of the line to be a mistake. *Buckner* v. *Anderson*, 11 N. C., 572; *Cherry* v. *Slade*, 3 Murphy, 82; *Baxter* v. *Wilson*, 95 N. C., 137; *Stanly* v. *Green*, 12 Cal., 148; 3 Washburn, 435.

In support of the position stated, we find that Tiedman, in his exhaustive work on Real Property, Sec. 828, lays down the rule as follows: "*Contemporania expositio est optima et fortissima in lege.* In construing deeds, courts endeavor to place themselves in the position of the parties at the time of the conveyance, in order to ascertain what is intended to be conveyed. For in *describing* the property parties are *presumed to refer to its condition at that time,* and

the meaning of their terms of expression can only be properly understood by a knowledge of their position and that of the property conveyed." The familiar rule that the course of a stream called for as a boundary is to be determined by showing the location at the date of the conveyance is referred to as one illustration of the practical operation of the rule.

While there was no proof of a survey or actual marking out of the boundary at the date of the mortgage deed, the foregoing authorities have been cited to show the recognition of the principle that parties are considered in law as intending that whatever is understood to be the true line at the date of the deed shall govern. 3 Washburn, 435. In March, 1891, J. B. McGowan was bound by his deed till it should appear whether Carey would repudiate his on arriving at full age. Carey's conveyance was then voidable, but when ratified in October, 1891, the exchange made in 1889, to all intents and purposes, became valid. The new south line created by the exchange was the true line referred to as a boundary in the first of the two descriptions, and therefore the second description, which was inconsistent, could not govern. Where a deed contains two irreconcilable descriptions of the entire boundaries of a tract of land or of a single line, calls for more stable monuments, such as the lines of other tracts or well known natural objects, will be adopted rather than course and distance. 3 Washburn, 424. *Buckner* v. *Anderson,* 111 N. C., 572; *Proctor* v. *Pool,* 4 Dev., 370; *Shaffer* v. *Hahn,* 111 N. C., 1.

In doubtful cases the rule that the construction must be favorable to the grantee will prevail, or the maxim that the first description in a deed is presumed to express the true intention of the parties may be invoked to tip the nodding beam. *Vance* v. *Fore,* 24 Cal., 436. But whether a specific description comes before or after a general designation,

it must prevail, upon the underlying principle that the law will always demand the production of the highest evidence and as between two descriptions will prefer that which is most certain.   In *Carter* v. *White*, 101 N. C., 30, the Court held that the first description "known as Walker's Island" must yield to a more specific one by metes and bounds, which did not include the whole island.   The boundaries, as set forth in the first description in the mortgage, are the lines of the three adjacent tracts which it was admitted completely surrounded W. H. Cox's place.   As we have seen, the parties are presumed to have contracted with reference to the then existing boundaries.   After laying down the rules that the true line originally run, old marked lines, or the lines of adjacent tracts, may be proved to vary course or extend or diminish distance, Chief Justice TAYLOR, in commenting upon them in *Cherry* v. *Slade*, *supra*, said that all of the rules were founded "upon the same reason"—"*the design of all being to ascertain the location originally made*."   The location originally made must have conformed to the true boundaries then existing. Carey did not then own the one acre and a half, but had conveyed it by a deed, since made valid, as to remove his line to the south of it, and make the first specific description include it within the J. B. McGowan tract.

Looking beyond our own adjudications, we find that in the case of *Dana* v. *Middlesex Bank*, 10 Dana, 250, where under the first description the land was completely surrounded by a street, lines of adjacent tracts and a river, the Supreme Court of Massachusetts held (as did this court in *Carter* v. *White*, *supra*) that such a specific description prevailed over a more general one, because it was more definite, not because it was first given in the deed.   But that case is more completely in point here, since the second description there set forth was "being the same set off to

the representatives of the late Wm. S. Crook, deceased, in the division of the estate of Enoch Crook, deceased, recorded with Middlesex Probate Records, b. 177, p. 97, &c." While in our case it is admitted that the Burton McGowan deed did not include the acre and a half in controversy, the calls of that deed are not given in the statement of the case, nor is any reference made to the registry or directly to the deed for a more perfect description. But in *Dana* v. *Bank, supra,* the more general description refers to the book and page of the record, as exhibiting the whole deed. The description, which calls for lines of other tracts, we can see fixes the boundaries by what are considered stable and certain monuments, then existing, and is to be preferred to one that is more general, even where the more general designation of the lines can by reference to other deeds be made more specific. It is true that in numerous cases which we need not cite, it has been held that the reference in one deed to another makes it competent to introduce the conveyance referred to in evidence for the purpose of showing that the original instrument offered is not void for vagueness in the descriptive clause, but it does not follow that there is any conflict between that rule and the one invoked in the decision of this case, that the general designations, such as " known as the Brown place " or " known as the Mt. Vernon place," though susceptible of location by proof *aliunde,* must yield to a more specific description, which marks out the boundaries as lines of adjoining tracts, streets or rivers or designated corners with course and distance either preceding or following that which is less definite in the same instrument. The parties are presumed to have intended to be governed by the description which they make specific where it is in conflict with another. We think that there was error in the ruling

of the Court below.   The judgment is reversed.   Let judgment be entered for the plaintiff below.

Reversed.