### GEORGE O. GAYLORD v. MRS. M. E. McCOY.

#### (Filed 27 March, 1912.)

Defendants gave plaintiffs an option on lands known as the M. place, the same on which Mrs. M. "resides at the present time," giving the adjoining owners by name, containing 1,500 acres, more or less, lying "on the waters of Mill Creek, near the waters of Hood Creek," with further specification that it "is all of the lands owned by Mrs. M." and certain others, "in the county of Brunswick, State of North Carolina." When the purchase money was tendered, the defendants offered a deed leaving out the further specifications that it was all the lands owned by Mrs. M. and the certain others in Brunswick County, and it was *Held*, (1) the words of the further specification were merely words of description without obligation on defendant's part to convey such land if outside of the boundaries specified in the option; (2) parol evidence was competent to show what lands were embraced within the description in the option of the M. place on which Mrs. M. resided at that time, upon plaintiff's contention that the option called for 66 acres more than the deed conveyed.

APPEAL by defendants from *Whedbee, J.,* at August Term, 1911, of BRUNSWICK.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Rountree & Carr* for plaintiff.
*· John D. Bellamy, E. Bryan,* and *C. Ed. Taylor* for defendants.

CLARK, C. J. On 1 July, 1899, the defendants executed to the plaintiff an option by which they agreed to convey to the plaintiff in consideration of $9,000, to be paid on or before 3 November, 1909, the following property:

"All that certain tract or parcel of land, situate, lying, and being in Northwest Township, Brunswick County, State of North Carolina, adjoining the lands of M. W. Murrell, B. T. Trimmer, Z. E. Murrell, the Metts estate, and lying on both sides of the Carolina Central Railroad, known as the L. C. McCoy place, being the same on which Mrs. M. C. McCoy resides at the present time; said tract of land containing 1,500 acres, more or less, and lies on the waters of Mill Creek and near the waters of Hood's Creek, *and is all of the land owned by Mrs. M. E. McCoy, C. L. McCoy and wife, Charles F. Mc-Coy and wife, and F. M. McCoy and wife, in the county of Brunswick, State of North Carolina."* When the time came for the payment of the purchase money and the delivery of the deed, the defendants tendered a deed which did not include in the description the words set out in italics above.

The plaintiff admits that the words in the option are restricted by the description, "situate in Brunswick County," and if there are any lands within the above boundaries which lie outside of Brunswick County he makes no claim thereto. But he contends that there are 66 acres lying within said county, and which may not be within the above boundaries, for which he is entitled to a conveyance because they were a part of the land "lying within Brunswick County and owned by the defendants" at the time the option was given.

An examination of the option will show that the words in italics, as above set out, are merely words of description, and that there is no obligation in the option to convey such land if outside of the boundaries of that which the defendants contracted to convey under the option. We are of opinion that the Court erred in excluding parol testimony to show what lands

were embraced within the description in the option of the "L. C. McCoy place on which Mrs. M. E. McCoy resides at the present time." *Harper v. Anderson,* 130 N. C., 538; *Cox v. McGowan,* 116 N. C., 131; *Carter v. White,* 101 N. C., 30. The last-named case is almost identical as to the facts with this case. · If the bounds of the tract described in the option embrace the said 66 acres, the conveyance tendered to the plaintiff should also include them. If said boundaries did not include said 66 acres, there is no obligation on the defendants to convey the same.

This renders it unnecessary to discuss the other exceptions taken.

Error.