J. P. QUELCH ET AL. v. D. K. FUTCH.

(Filed 25 October, 1916.)

**Deeds and Conveyances—Interpretation—Vague Description—Habendum—General Description.**

 Words descriptive of lands sought to be conveyed in a deed are regarded as inserted for a purpose, and should be given a meaning that would aid the description; and where the writing manifests an intent to convey a tract of certain acreage, and the specific description in the conveying part of the instrument is too indefinite, it will not control a general description, following the habendum, which refers to another and recorded deed, from which the lands may definitely be ascertained.

ACTION to recover a' tract of land, tried at April Term, 1916, of NEW HANOVER, before *Peebles, J.*

Upon an intimation from the court that he would charge the jury that a certain deed did not convey the land described in complaint, plaintiff submitted to a nonsuit and appealed.

*Herbert McClammy, Kenan & Wright for plaintiffs.*
*John D. Bellamy, Walter P. Gafford, E. K. Bryan for defendant.*

BROWN, J. Plaintiffs claim title under deed in fee in due form, dated 14 May, 1889, executed by D. T. Cronly to John B. Quelch. After the premises of the deed, which is in the usual form of a bargain and sale, follows a specific description of the tract of land as follows: "Beginning on the east side of the W. and W. railroad at a culvert"; then follows a description by metes and bounds.

Then the habendum and tenendum, in the usual form, to John B. Quelch and his heirs; then follows the usual covenant of warranty. Immediately following that the deed contains this general description of the land:

"The tract of land hereby conveyed being the same that was deeded by Thomas R. Williams and wife to R. L. Kirkwood, assignee of D. D. Gibson, and which is registered in the records of New Hanover County in Book BBBB, pages 653 and 654. The same said to contain 700 acres, more or less, and which tract was afterwards conveyed by deed bearing date 13 May, 1889, from the said R. L. Kirkwood, assignee, to the party of the first part of these presents."

It is in evidence that the first or specific description by metes and bounds does not cover the land described in the complaint. It is also in evidence that the description in the deeds from Thomas R. Williams to R. L. Kirkwood and from Kirkwood to Cronly (referred to in the

deed from Cronly to Quelch) does cover and include the tract of land described in the complaint. These deeds were offered in evidence by plaintiff.

The court intimated that he would hold that the specific description in the deed from Cronly controlled the general description, and upon that intimation the plaintiffs took a nonsuit. The intimated ruling of the court was vital to plaintiffs' recovery, and therefore they had the right to submit to a nonsuit and appeal.

We have in the deed in question a description by metes and bounds in which the land in controversy is not conveyed, and also a description which refers to another deed duly recorded by book and page, which gives a definite description covering the land in controversy.

It must be admitted that if the first or specific description entirely is eliminated from the deed, according to the evidence, the second or general description is sufficient, and covers the land described in the complaint. It matters not that the last description follows the warranty. The whole deed must be so construed as to give effect to the plain intent of the grantor, and the parts of the deed will be transposed if necessary. *Triplett v. Williams,* 149 N. C., 394; 13 Cyc., 627.

The entire description in a deed should be considered in determining the identity of the land conveyed. Clauses inserted in a deed should be regarded as inserted for a purpose, and should be given a meaning that would aid the description. Every part of a deed ought, if possible, take effect, and every word to operate.

A reference to another deed may control a particular description, for the deed referred to for purposes of description becomes a part of the deed that calls for it. 13 Cyc., 632; *Brown v. Ricaud,* 107 N. C., 639; *Everett v. Thomas,* 23 N. C., 252.

The manifest intention of the grantor, Cronly, was to convey the whole of a tract of land, containing 700 acres, more or less, being the land conveyed to Cronly by Kirkwood and by Williams to Kirkwood. It is in evidence that these deeds referred to cover the land in controversy. The fact that the metes and bounds of the preceding description do not cover it cannot be permitted to destroy the description that does cover it.

From the language of the deed an intent to convey the entire tract is plainly manifest, and this intent will not be defeated because the grantor inserted metes and bounds that are erroneous and do not cover it. As the general description is added, not simply to set out the grantor's title, but to identify and further describe the tract of land conveyed, such general description will be given effect. The additional clause will be considered as added for the purpose of giving a more

particular description. *Rutherford v. Lacy,* 48 Mo., 325; *Jackson v. Barringer,* 15 Johns '(N. Y.), 471; *Lodge v. Lee,* 6 Cranch (U. S.), 237; 13 Cyc., p. 634, note 14.

*Prentice v. R. R.,* 154 U. S., 164, relied upon by the learned counsel for defendant as settling the question and sustaining the ruling of the judge below, was a case of some note, and involved title to certain valuable land in the city of Duluth. The case was tried before *Justice Samuel F. Miller* and *District Judge Nelson* in the Circuit Court of the United States, and is reported 43 Fed., 270. *Justice Miller* delivered an elaborate opinion in the Circuit Court, which on appeal was followed and affirmed by the Supreme Court of the United States in an opinion by *Justice Harlan* for a unanimous Court. The syllabus made by the reporter appears to support the contention of the defendant, but it is stated in general terms, is misleading, and is not fully warranted by the opinion. In concluding the opinion, the Court says: "We are entirely satisfied with these views. It results that neither the description by metes and bounds *nor the general description* of the lands conveyed by the deed under which the plaintiff claims is sufficient to cover the lands here in dispute."

And again: "The case, then, is this: Looking into the deed under which plaintff claims title, for the purpose of ascertaining the intention of the parties, we find there a specific description, by metes and bounds, of the lands conveyed, followed by a general description which must be held to have been introduced for the purpose only of showing the· grantor's chain of title, and not as an independent description of the lands so conveyed. As *neither description* is sufficient to cover the lands in suit, there can be no recovery by the plaintiff in this action of ejectment, whatever may be the defect, if any, in the title of the defendants."

In the deed we have under consideration the second or general description is introduced, not solely to set out a chain of title, but evidently to identify, make certain and describe the land conveyed. It is, in fact, an "independent description of the land so conveyed," and amply sufficient to support the deed, eliminating any other description.

The nonsuit is set aside.

New trial.