A. A. WADSWORTH ET AL. v. M. E. COZARD ET AL.

(Filed 22 December, 1917.)

**1. State's Lands—Invalid Grants—Cloud on Title—Admissions.**

Where the plaintiff claims title to lands under a State grant, which defendant admits, but denies that it covers the *locus in quo*, but assumes to attack the plaintiff's grant under Revisal, sec. 1748, as the party aggrieved and interested in the subject matter of the obnoxious grant: *Held*, the defendant has no interest in having plaintiff's grant declared invalid, as a cloud upon his title, the plaintiff claiming nothing thereunder against the title of the defendant under the latter's grant.

**2. State's Lands — Stated Corners — Cotemporaneous Survey — Evidence—Boundaries.**

Where lands are claimed under a grant from the State stating the beginning corner, and it is admitted that the *locus in quo* is covered by the description given in the grant unless the beginning corner is located differently, evidence of a cotemporaneous survey locating the corner otherwise, does not vary the rule that the beginning corner is a matter of law under the call in the grant, in the absence of evidence showing an actual location; and testimony tending to establish certain corners, but not under a cotemporaneous survey, is inadmissible.

APPEAL by defendants from *Ferguson, J.,* at July Term, 1917, of GRAHAM.

This is an action to remove a cloud from title.

The plaintiffs allege that they are the owners of a tract of land particularly described in the complaint and that the defendants claim an interest therein adverse to them.

The defendants deny the title of the plaintiffs and allege that the grant under which the plaintiffs claim is void in that there is no entry on which the grant could issue.

The defendants further allege that they are the owners of about twenty tracts of land specifically described in the answer.

The plaintiffs admit that the defendants are the owners of the land described in their answer, but deny the location of two of said tracts as claimed by the defendants.

There is no exception in the record as to the location of one of these tracts and the other tract as to which there is an exception is described in the grant of the defendants as follows:

"Beginning on the southeast corner of No. 400 and runs north passing the northeast corner of said number at 10 poles, 170 poles to a hickory; then west 600 poles to a cucumber N. E. corner of 4456; then south 170 poles; then east 600 poles to the beginning.

The defendants claim that the beginning corner of this grant is not at the southeast corner of No. 400, but that it is at a hickory and that

there was a contemporaneous survey which located the corner at a hickory.

The defendants offered in evidence the field notes of the surveyor which are as follows:

"Beginning on a hickory and stake, corner of No. 400, runs west 600 poles to a cucumber, northeast corner of 4455; thence south 470 poles to a stake; then east 600 poles to a stake; then north 170 poles to a stake; then east 600 poles to a stake; then north 170 poles to the beginning. 11 April, 1856. J. W. C. Piercy, C. S."

They also offered evidence that the hickory was known as the corner of the grant and that on the line from the hickory there were old marks made by the surveyor who originally surveyed the tract.

His Honor charged the jury that the southeast corner of No. 400 was the beginning corner of the grant and the defendants excepted.

The corner was located in accordance with this instruction and judgment was entered thereon from which defendants appealed.

*R. L. Phillips and Bryson & Black for plaintiffs.*
*Merrimon, Adams & Johnson for defendants.*

ALLEN, J. The defendants are not in position to attack the grant of the plaintiffs under Revisal, sec. 1748, which gives a right of action against a party holding under a grant improperly issued to the party aggrieved, "inasmuch as none can be aggrieved unless he has an interest in the subject-matter of the obnoxious grant" (*Carter v. White,* 101 N. C., 34), and it appears from the record that the plaintiffs have not only admitted that the defendants are the owners of all the land covered by their grants, but also that in the judgment from which the appeal is taken it was adjudged.

What interest have the defendants in having the grant of the plaintiffs declared invalid when the plaintiffs claim nothing under it as against the title of the defendants?

The language quoted from *Carter v. White* is approved in *Henry v. McCoy,* 131 N. C., 589, the Court adding in the latter case that the purpose of the statute in permitting an attack on a grant by the party aggrieved is "to remove a cloud overshadowing a previously acquired title."

Here there is no cloud overshadowing the defendants' title because the plaintiffs claim nothing covered by their grants.

The defendants admit that the charge of his Honor as to the beginning corner is correct unless they have offered evidence of a cotemporaneous survey locating the corner otherwise than at the southeast corner of No.

400 and they rely on the field notes of the surveyor for the purpose of showing such survey.

We do not think these notes have this effect, in the absence of other evidence showing an actual location different from the calls in the grant.

A comparison of the notes of the surveyor and the calls in the grant show that they are substantially alike except that the notes begin at the second corner in the grant instead of the first, and in one the cucumber is said to be the northeast corner of 4456 instead of 4455 in the other, and possibly the course of the last line in the notes should be read south instead of north. The same corners, the same trees, and the same courses and distances are called for in the notes and in the grant.

The evidence of the two witnesses introduced by the defendants, Stuart and Burns, tend to establish certain corners, but not a cotemporaneous survey, and when considered in connection with the notes of the survey was not sufficient to change the rule that the court must declare what are the boundaries and the jury must locate them.

We have dealt with the notes of the surveyor upon the supposition that they represented a survey made about the time of issuing the grant but the dates given in the record, if correct, do not show this to be true.

The date of the notes is April 11, 1856, and the grant is of date 1850 and is signed by Ellis, Governor, who did not enter upon the duties of his office until 1 January, 1859. The reference to the Declaration of Independence would indicate that the last date ought to be in 1860.

No error.