MRS. SUSANNA WILLIAMS v. C. G. BAILEY, B. R. BAILEY ET AL.,
EXECUTORS OF W. R. BAILEY.

(Filed 3 December, 1919.)

1. **Deeds and Conveyances—Descriptions—Reference to Other Instruments—Wills.**

    Where a deed or instrument conveying land refers to another for description, the principal deed should be considered and construed as if the description referred to was written out therein in full.

2. **Deeds and Conveyances—Wills—Ambiguous Descriptions—Definite Descriptions.**

    An unambiguous and certain description of land in a deed will control one therein which is indefinite and uncertain.

3. **Same.**

    A testator devised his "Bat Allen place" to his sister, giving the number of acres, and referred to a deed from said Allen giving description by known and visible lines and boundaries, containing the number of acres specified, and excepted therefrom "that portion heretofore sold to John Allen." It was admitted or clearly established that the land thus excepted was from an adjoining tract of land acquired by the testator from Bat Allen, and sometimes known as the Tomlinson tract: *Held*, the land

intended to be devised by the testator is that included in the boundaries of the deed referred to and not otherwise, and evidence tending to show that both of these tracts were included in the "Bat Allen place" was properly excluded.

CIVIL ACTION to restrain a sale of certain real estate by executors of W. A. Bailey, heard before *Harding, J.,* and a jury, at February Term, 1919, of DAVIE.

At the close of the testimony, on motion, there was judgment of non-suit, and plaintiff excepted and appealed.

*Jacob Stewart and Holton & Holton for plaintiff.*
*E. L. Gaither and A. T. Grant, Jr., for defendants.*

HOKE, J.   On the hearing it appeared that C. G. Bailey and others, executors of the last will and testament of W. A. Bailey, deceased, intended presently to make sale of a tract of land in said county, containing 63 acres, more or less, under clause in the will authorizing them to sell any and all lands of the testator not specifically devised by him. That plaintiff instituted this action to enjoin said sale, claiming the land as specific devisee under the following clause in the will:

"I give, devise, and bequeath to my beloved sister, Susanna Williams, and her heirs forever, the following tract of land, to wit:   A tract containing two hundred and forty-two acres (242), more or less, known as the 'Bat Allen' place, for a full description of which reference is hereby to deed from H. B. Allen et al. to W. A. Bailey, dated March 26, 1898, recorded in Book ......, p. ......, register's office of Davie County, N. C. Save and except that portion thereof heretofore sold to Jno. Allen, by deed dated ........ day of ...................., to her, the said Susanna Williams, and her heirs in fee simple forever."

In reference to this clause in the will, it was admitted or clearly established that the 242-acre tract referred to as contained in the deed of H. B. Allen to the testator and definitely described by known and visible lines and boundaries, did not include the land in controversy, but the same was a part of a 97-acre tract adjoining the former, and which had been acquired from one Tomlinson, and sometimes designated as the Tomlinson tract; also owned by Bat Allen.   That while the latter owned the two tracts, he personally resided on this 242-acre tract, and the other was occupied as tenant by his son, Ben Allen.   That the testator, after he acquired the two tracts of land, sold about 33 acres off the Tomlinson tract to John Allen, leaving 64 acres of that tract, being the land in dispute.

In well considered decisions on the subject it is held, with us, that where a deed or instrument conveying lands refers to another for descrip-

tion, the principal deed should be considered and construed as if the description was written out therein in full. *Gudger v. White,* 141 N. C., 507; *Enliss v. McAdams,* 108 N. C., 507. And further, it is the recognized position in construing such instruments that where there is an "unambiguous and certain description," and also one that is indefinite and uncertain, the former is to be regarded as controlling, and the latter will be rejected. *Peebles v. Graham,* 128 N. C., 218; *McDaniel v. King,* 90 N. C., 602; *Jones v. Robinson,* 78 N. C., 397. Applying these accepted rules of construction, and setting out the description as it appears in the H. B. Allen deed, expressly referred to, the devise in question would read as follows:

"I devise to my beloved sister, Susanna Williams, a tract of land containing 242 acres, known as the 'Bat Allen' place, fully described in a deed from H. B. Allen and others to W. H. Bailey, dated March 26, 1898, duly recorded in register's office of Davie County, said land being located and described as follows: 'Beginning at a large stone, running north 30' variation, 25 chains and 19 links to a post oak; thence west 21 chains to a dogwood; thence north 20 chains and 45 links to a blackjack and rock in Tomlinson's line; thence with his line north 22.09 chains to a stone; thence east 5.82 chains to a maple; thence north 4.95 links to a .dogwood; thence east 17.52 chains to a dogwood; thence south 7 chains to a hickory; thence east 18.82 chains to a stone; thence south Haneline's line 80.09 chains to a stone; thence west to the beginning, containing 242 acres, more or less." . Except that portion thereof heretofore sold to John Allen.

Under such a description the devise in question affords a clear and definite indication that the land intended by the testator is that included in the boundaries of the deed referred to and not otherwise, and we must approve the decision of his Honor in excluding evidence offered by the plaintiff, tending to show that both the 242-acre and 97-acre tracts were understood to be included in the "Bat Allen place," and were so referred to and considered by the testator in his lifetime.

In *McDaniel v. King, supra,* there was a devise in the testator's "home plantation" setting forth a description by clear and definite lines and boundaries, and it was held that the land included in the boundaries would pass, and evidence tending to show that the testator considered his home plantation was properly excluded.

Speaking to the question in the opinion, *Judge Merrimon* said: "If the testator had simply excepted his 'home plantation,' then a question might have been raised as to what lands composed it, and his meaning in respect thereto.

"There is no ambiguity; nothing is left in doubt. The testator had the right to declare what should constitute his 'home plantation'; he did

so by fixing a definite boundary to it—one that leaves no doubt as to what he meant, looking at the plain legal import of the terms he employed to express his purpose in the will. It is so certain there is nothing to be explained or qualified."

Nor is the position in any way affected by the exception appearing in the devise of the portion of the land sold to John Allen. It only indicates that the testator was mistaken as to the tract so sold by him. Probably being uncertain as to whether the sale was from the one tract or the other, the exception was inserted by way of assurance that he did not wish to appear in the attitude of devising land he might have sold off, but in no event could it be allowed to enlarge or ignore the definite description by metes and bounds, which he had seen proper to use in his will. *Peebles v. Graham,* 128 N. C., 222; *Scull v. Pruden,* 92 N. C., 168-173; *Proctor v. Poole,* 15 N. C., 371. In *Scull v. Pruden* it was said:

"When the subject-matter of conveyance is completely identified, by its location and other marks of description, the addition of another particular, which does not apply to it, will be rejected as having been inserted through misapprehension or inadvertence."

We are referred by counsel to *Quelch v. Futch,* 172 N. C., 316, as an authority in contravention of his Honor's ruling in excluding the evidence offered by the plaintiff, but we do not so interpret the decision. In that case the principal deed contained two descriptions by metes and bounds, one written out and the other by reference to another deed of definite description and containing a larger boundary. The latter deed including the land in controversy, while the former did not; there being clear indication on the face of the deed that the larger boundary was intended to pass.

"Words descriptive of lands sought to be conveyed in a deed are regarded as inserted for a purpose, and should be given a meaning that would aid the description; and where the writing manifests an intent to convey a tract of certain acreage, and the specific description in the conveying part of the instrument is too indefinite, it will not control a general description, following the *habendum,* which refers to another and recorded deed, from which the lands may definitely be ascertained."

Expressing the basic principle of the decision, the Court said: "A reference to another deed may control a particular description, for the deed referred to for purposes of description becomes a part of the deed that calls for it. 13 Cyc., 362; *Brown v. Ricaud,* 107 N. C., 639; *Everett v. Thomas,* 23 N. C., 252." But in the instant case there are no opposing data having any definite significance, and nothing to justify a departure from the clear and precise description appearing in the deed to which the testator has chosen to refer.

There is no error, and the judgment of the lower court is

Affirmed.