B. VON HERFF v. S. B. RICHARDSON AND W. A. PERKINS.

(Filed 24 November, 1926.)

1. Deeds and Conveyances—Lands—Specific Descriptions—Questions of Law—Location—Questions for Jury.

Where the interpretation of the deed conveying lands depends as to its including the *locus in quo* upon the point of beginning, the specific

and more clear definition of this point will control a more general one as a matter of law for the court, and the location of this point on the lands is a question for the jury under conflicting evidence.

**2. Appeal and Error—Judgments Set Aside—Questions of Law'—Burden of Proof.**

Where the judge has set aside a verdict of the jury upon the ground that he has erroneously stated the law upon a controlling phase of the case, his action in so doing will be sustained in the Supreme Court, unless the appellant makes it appear of record that it was erroneous.

APPEAL by plaintiff from *Stack, J.,* at February Term, 1926, of MOORE.

Civil action to quiet title and to remove cloud therefrom, arising from claim of defendants that their deeds cover the *locus in quo.*

There was a verdict in favor of the plaintiff, which was set aside as a matter of law, for error in the charge, and from this ruling the plaintiff appeals. The defendants also gave notice of appeal, but this was not perfected.

*H. F. Seawell for plaintiff.*
*J. C. Little for defendants.*

STACY, C. J. The controversy on trial narrowed itself principally to a contest over the location of the beginning point in the description of the lands conveyed by deed from H. A. Bland and J. E. Buchan to J. T. Patrick, which said deed forms a link in the defendants' paper-chain of title. The pertinent parts of the description contained in this deed are as follows:

"Beginning at a stake in the right of way of the R. and A. A. L. R. R., in Moore County, near Shaw's Ridge and on the southwest end of a curve and runs thence (here follows a particular description by metes and bounds), containing 532 acres, more or less, the above lands being deeded to Bland and Buchan by W. O. Robeson and wife, and to them by John Shaw and P. C. Shaw, they being heirs at law of P. C. Shaw, deceased."

The reasons which induced the trial court to set aside the verdict as a matter of law are stated in the judgment as follows:

"The court is of opinion that it committed error in the charge to the jury in leaving to them the question as to whether or not they should be controlled, in locating the defendants' lands, by the particular description in the Patrick deed or by the general description therein referring to the Robeson deed, and in not instructing the jury to begin at the stake at the southwest end of the curve in the railroad wherever they found that to be on the ground. The Court is further of the

opinion that the reference to the Robeson deed was to give the source of the title and not intended as a part of the description of the land intended to be conveyed in the deed to Patrick; but, if intended as descriptive of the lands, then there would be a conflict in the two descriptions and the particular description beginning at southwest end of railroad curve would control and the court should have so charged the jury."

In the light of the evidence, this ruling would seem to be correct, or, at least, the contrary is not made to appear on the record.

In matters of location it is the duty of the court to tell the jury what the boundaries are, and it is the duty of the jury to find and locate them. *Geddie v. Williams,* 189 N. C., 333; *Brooks v. Woodruff,* 185 N. C., 288. "What are the *termini* or boundaries of a grant or deed is a matter of law; where those boundaries or *termini* are is a matter of fact. It is the province of the court to declare the first, that of the jury to ascertain the second." *Henderson, J.,* in *Tatem v. Paine,* 11 N. C., 71.

It is conceded that, except when otherwise controlled by some canon of construction or arbitrary rule of law, a deed, as well as a will, is to be construed from its four corners, and according to its obvious intent. *Boyd v. Campbell, ante,* 398; *Bagwell v. Hines,* 187 N. C., 690; *Triplett v. Williams,* 149 N. C., 394.

But as between two descriptions, the law ordinarily prefers the specific to the general, or that which is more certain to that which is less certain. *Cox v. McGowan,* 116 N. C., 131; *Carter v. White,* 101 N. C., 30; *Peebles v. Graham,* 128 N. C., 218; *Gaylord v. McCoy,* 158 N. C., 325; *Prentice v. R. R.,* 154 U. S., 164.

The decision in *Quelch v. Futch,* 172 N. C., 316, is not at variance with this position, for there it was conceded that the specific description did not cover the land described in the complaint. Just the reverse appears in the instant case.

Affirmed.