REALTY PURCHASE CORPORATION v. W. B. FISHER AND WIFE, LEILA FISHER.

(Filed 27 September, 1939.)

1. **Boundaries § 1—**

Reference to one deed in another for the purpose of description is equivalent to incorporating and setting out its description in full.

2. **Same—**

In construing a description in a deed, every part and clause therein should be given effect, if possible, and the entire instrument construed to ascertain the true intention of the parties.

3. **Boundaries § 2—Where general and specific descriptions are in harmony and each embraces lands not described in the other, both may be given effect.**

The deed in question described by metes and bounds lands which comprised lots 1, 2, and 3 of the *locus in quo.* The specific description was followed by a general description "and being all of those certain lots conveyed" by named grantors to named grantees, giving the page and book at which said deeds were recorded, which general description by reference to the descriptions in the other deeds, embraced lots 3, 4, and 5 of the *locus in quo. Held:* There is no variance between the descriptions, but the general description merely described lands in addition to the lands described in the specific description with a lappage over lot No. 3, and by application of the rule that a description will be construed as a whole and each part and clause thereof given effect, if possible, the deed conveys lots 1, 2, 3, 4, and 5.

STACY, C. J., dissenting.

BARNHILL and WINBORNE, JJ., concur in dissent.

APPEAL by defendants from *Nettles, J.,* at January Term, 1939, of CHEROKEE. No error.

*W. A. Devin, Jr., for plaintiff, appellee.*
*C. G. Hyde, J. N. Moody and Ralph Moody for defendants, appellants.*

SCHENCK, J. This is an action in ejectment wherein defendants had executed a deed of trust upon certain lands in the town of Andrews,

REALTY CORP. *v.* FISHER.

Cherokee County, which deed of trust was duly foreclosed and the plaintiff became the purchaser at the foreclosure sale.

The description of the land in the deed of trust and in the deed from the substituted trustee in the deed of trust to the plaintiff was as follows: "Second Lot. Beginning at a stake, said stake standing at the point of intersection of the south margin of Chestnut Street with the east margin of First Avenue, and runs thence with said east margin of First Avenue south 20 west 75 feet to a stake in said margin; thence south 70 east 100 feet to a stake in the west margin of a ten-foot private alley; thence with said west margin of said alley north 20 east 75 feet to a stake in the margin of Chestnut Street; thence with the south margin of Chestnut Street north 70 west 100 feet to the point of beginning.

"And being all of those certain lots conveyed to W. B. Fisher and wife, Leila Fisher, by deed from A. B. Andrews *et al.,* dated the 19th day of January, 1899, and recorded in Book 31, page 81, of the Records of Deeds for Cherokee County, North Carolina, and in deed from A. B. Andrews *et al.,* S. Porter and wife, W. C. Wilkes and wife, recorded in Book 56, page 565, Book 37, page 366, Book 58, page 249, of Records of Deeds for Cherokee County."

The jury having answered the issues in favor of the plaintiff, the court entered judgment that the plaintiff was the owner of and was entitled to recover the possession of the land described in the complaint, as follows:

"Situated in Cherokee County, Andrews, N. C. Beginning at a stake, said stake standing at the point of intersection of the south margin of Chestnut Street with the east margin of First Avenue, and runs thence with said east margin of First Avenue south 20 west 125 feet to a stake in said margin; thence south 70 east 100 feet to a stake in the west margin of a ten-foot private alley; thence with said west margin of said alley north 20 east 125 feet to a stake in the margin of Chestnut Street; thence with the south margin of Chestnut Street north 70 west 100 feet to the point of beginning."

The court charged the jury in effect that the description of the land in the deed of trust signed by the defendants and in the deed of the substituted trustee to the plaintiff included the lands described in the complaint (which was the same as set forth in the judgment), to which charge the defendants preserved exceptions, and rely principally upon such exceptions on this appeal.

The particular or specific description contained in the deed of trust given by the defendants and in the deed from the substituted trustee to the plaintiff constitutes a parallelogram 100 by 75 feet on the corner of First Avenue and Chestnut Street in the town of Andrews, and includes Lots 1, 2 and 3 in Block D, each lot fronting 25 feet on First Avenue; and running back 100 feet to a ten-foot alley.

The deed from A. B. Andrews *et al.* to W. B. Fisher and wife, Leila Fisher, dated 19 January, 1899, recorded in Book 31, page 81, of the Records of Deeds for Cherokee County, conveyed to defendants "Lots Nos. 3 and 4 in Block D, in said town of Andrews, Cherokee County, North Carolina."

The deed from S. Porter and wife to W. B. Fisher, recorded in Records of Deeds No. 37, page 366, conveyed to defendant W. B. Fisher "Town Lot 5, in Block D, of the town of Andrews."

Lots 4 and 5, Block D, each have a frontage of 25 feet on First Avenue and run back 100 feet to a ten-foot alley, and Lot 4 is contiguous to Lot 3, and Lot 5 is contiguous to Lot 4. Lots 4 and 5 together with Lots 1, 2 and 3 constitute a parallelogram 100 by 125 feet.

The deed from A. B. Andrews *et al.* to W. B. Fisher, recorded in Book 58, page 249, Records of Deeds for Cherokee County, conveys "Lot No. 17 in Block D"; and the deed from W. C. Wilkes and wife to W. B. Fisher and wife, recorded in Book 56, page 565, said records, conveys "Lot No. 18 in Block D in the plat of said town." The land conveyed by these deeds, Lots 17 and 18, in Block D, are not involved in this appeal.

The question presented for answer is: Does the particular or specific description control, in which event only Lots 1, 2 and 3 of Block D would be included; or does the general description control, in which event only Lots 3, 4 and 5 of Block D would be included, or do both particular or specific description and general description control, in which event all of the lots involved, Lots 1, 2, 3, 4 and 5 of Block D, would be included?

The defendants, appellants, contend that the particular or specific description controls and that they conveyed by their deed of trust and the substituted trustee conveyed to the plaintiff only Lots 1, 2 and 3.

His Honor was of the opinion, and so held and in effect so charged the jury, that the particular or specific description and the general description control, and the defendants conveyed by their deed of trust and the substituted trustee conveyed to the plaintiff Lots 1, 2, 3, 4, and 5 of Block D.

We concur in his Honor's holding.

Reference to one deed in another for the purpose of description is equivalent to incorporating and setting out its description in full. *Euliss v. McAdams,* 108 N. C., 507; *Williams v. Bailey,* 178 N. C., 630.

"The entire description in a deed should be considered in determining the identity of the land conveyed. Clauses inserted in a deed should be regarded as inserted for a purpose, and should be given a meaning that would aid the description. Every part of the deed ought, if possible, to take effect, and every word to operate." *Quelch v. Futch,* 172 N. C., 316.

By giving the construction the court did to the description in the deed of trust and in the trustee's deed to the plaintiff every word therein took effect and was operative, whereas had the construction contended for by the defendants been given the general description would have been ignored and rendered nugatory. There is no variance between the particular or specific description and the general description. The latter is merely the description of land in addition to the land described in the former, with a lappage over Lot No. 3. In this respect the description involved in the instant case differs from the descriptions involved in *Potter v. Bonner,* 174 N. C., 20, and other cases cited by the appellants sustaining the rule that when there is a variance between the particular and general description in a deed, the particular description controls.

"By the modern and prevailing doctrine, we are required to examine the entire instrument and ascertain the true intention of the parties, for that is what the law seeks to effectuate." *Dill v. Lumber Co.,* 183 N. C., 660 (668), and cases there cited; and this is so even though it contravenes the rule that a more particular description controls when at variance with a general description in the same instrument. *Dill v. Lumber Co., supra.*

We have examined the exceptions to the evidence set out in appellants' brief and find no prejudicial error therein.

In the trial in the Superior Court we find

No error.

STACY, C. J., dissenting: The specific description in a deed, when definite and clear, is not to be enlarged by a reference to the source of title, such as "being the same property conveyed in deed," etc., because "when connected with the specific description, it can only be considered as an identification of the land described in the boundary," *Midgett v. Twiford,* 120 N. C., 4, 26 S. E., 626, or "as a further means of locating the property." *Loan Assn. v. Bethel, ibid.,* 344, 27 S. E., 29.

It is only when the specific description is ambiguous, or insufficient, or the reference is to a fuller or more accurate description, that the general clause is allowed to control or is given significance in determining the boundaries. *Crews v. Crews,* 210 N. C., 217, 186 S. E., 156; *Quelch v. Futch,* 172 N. C., 316, 90 S. E., 259; *Ritter v. Barrett,* 20 N. C., 266; *Campbell v. McArthur,* 9 N. C., 33; 18 C. J., 284.

The rule is that where there is a particular and a general description in a deed, the particular description is preferred over the general. *Von Herff v. Richardson,* 192 N. C., 595, 135 S. E., 533; *Potter v. Bonner,* 174 N. C., 20, 93 S. E., 370.

"Where there is an 'unambiguous and certain description,' and also one that is indefinite and uncertain, the former is to be regarded as

controlling, and the latter will be rejected"—*Hoke, J.,* in *Williams v. Bailey,* 178 N. C., 630, 101 S. E., 105.

This is in full accord with the doctrine announced in *Triplett v. Williams,* 149 N. C., 394, 63 S. E., 79, that the significance of a deed, like that of a will, is to be gathered from its four corners. *Gudger v. White,* 141 N. C., 507, 54 S. E., 386.

The line of demarcation was pointed out by *Walker, J.,* in *Ferguson v. Fibre Co.,* 182 N. C., 731, 110 S. E., 220, "If the first description by metes and bounds does not embrace the *locus in quo,* the second one should not be allowed to control it, and thereby enlarge its boundaries, unless it was the clear, if not manifest, intention of the grantor to do so and to convey lands not covered by the first description," and again in *Dill v. Lumber Co.,* 183 N. C., 660, 112 S. E., 740, "The general rule is, to be sure, that a particular description will control a general one, because the law prefers the best evidence as to the intention of the parties, and when properly considered, the particular description is more certain and reliable than the other one."

In *Carter v. White,* 101 N. C., 30, 7 S. E., 473, it was held that the general description "known as Walker's Island" should give way to a more specific one by metes and bounds which did not include the whole island.

Likewise, in *Dana v. Bank,* 10 Dana, 250, where under the particular description the land was described by locative calls, the Massachusetts Court held that such a description would prevail over a more general one, the reference there being almost identical with the one here under consideration, *i.e.,* "being the same set off to the representatives of the late Wm. S. Crook, deceased, in the division of the estate of Enoch Crook, deceased, recorded with Middlesex Probate Records, b. 177, p. 97."

This case was cited with approval in *Cox v. McGowan,* 116 N. C., 131, 21 S. E., 108, where *Avery, J.,* with his usual clarity, animadverted as follows: "But in *Dana v. Bank, supra,* the more general description refers to the book and page of the record, as exhibiting the whole deed. The description, which calls for lines of other tracts, we can see fixes the boundaries by what are considered stable and certain monuments, then existing, and is to be preferred to one that is more general, even when the more general designation of the lines can by reference to other deeds be made more specific. It is true that in numerous cases which we need not cite, it has been held that the reference in one deed to another makes it competent to introduce the conveyance referred to in evidence for the purpose of showing that the original instrument offered is not void for vagueness in the descriptive clause, but it does not follow that there is any conflict between that rule and the one invoked in the

decision of this case, that the general designations, such as 'known as the Brown place' or 'known as the Mt. Vernon place,' though susceptible of location by proof *aliunde,* must yield to a more specific description, which marks out the boundaries as lines of adjoining tracts, streets or rivers or designated corners with course and distance either preceding or following that which is less definite in the same instrument. The parties are presumed to have intended to be governed by the description which they make specific where it is in conflict with another."

To similar effect is the decision in *Hale v. Swift,* 23 Ky., 497, 63 S. W., 288, where it was held that "where a deed describes a particular lot of ground by metes and bounds, and fixes its beginning corner by calling for a well known point, like a street corner, and, after thus definitely locating the exact ground, attempts to further describe it by giving a map number, which conflicts with the location, then the lot must be located according to the particular description, and not its map number."

In *Loan Assn. v. Bethel, supra,* there was a particular description of Lot No. 13, with the addition, "and upon this lot the Hotel Bethel is erected." The Hotel Bethel was, in fact, erected on Lot No. 13, but it also extended eight feet over on the adjacent Lot No. 12. It was held that the deed did not convey the eight feet of Lot No. 12 upon which the Hotel Bethel also stood.

The facts in the case of *Prentice v. R. R., 154* U. S., 163, make it almost identical with the case at bar, certainly the same in principle. There, it was held, as stated in the syllabus: "When a deed contains a specific description of the land conveyed, by metes and bounds, and a general description referring to the land as the same land set off to B., and by B. afterwards disposed of to A., the second description is intended to describe generally what had been before described by metes and bounds; and if, in an action of ejectment brought by a grantee of A., as plaintiff, the description by metes and bounds does not include the land sued for, it cannot be claimed under the general description."

Speaking to the general reference, the Court said: "It seems entirely clear that the words in the clause beginning *'and being the land,'* etc., were intended to describe, generally, what had been before specifically described by metes and bounds; that *'and being'* is equivalent to 'which is,' in which case this clause of general description—the specific description by metes and bounds being rejected as not embracing the land— cannot, it is conceded, be regarded as an independent description of the subject of the conveyance."

This is in conformity to the general rule, that a reiteration or redescription, such as, "being a lot in the shape of a parallelogram, 100 by 75 feet," etc., adds nothing to the description, but is in affirmation of the locative calls in the deed. *Ferguson v. Fibre Co., supra; Gudger v. White, supra;* 18 C. J., 284.

Speaking to this latter rule in *Ferguson v. Fibre Co., supra,* where the deed in question was more favorable to the plaintiff's position than the one we are now considering, *Walker, J.,* with his usual accuracy of expression, stated the case as follows: "There are two descriptions of the land in this case to be found in the deed in question, one by metes and bounds, and the other by more general words. It is admitted that the land in dispute is not embraced by the metes and bounds set forth in the deed, but it is contended by the plaintiff that it is included in the other description. . . . We are of the opinion that the second or further description gives strength and confirmation to the view that it was not the intention of the grantor to do so (extend the boundaries), but merely to repeat the former description, but in different, and, as he evidently supposed, plainer and more unmistakable language. . . . The second description was inserted not for the purpose of extending the boundaries of the lands, but merely as another way of making his meaning, in the first description, less liable to misunderstanding."

The strongest statement of the instant case is, that the deed conveys certain lots, specifically described by metes and bounds, and then makes reference not only to deeds conveying the lots specifically described, but also to another deed for lots not contained in the specific description. The parties are in disagreement whether the reference is to the source of title or for a further description. But even conceding the latter, to hold, as the majority opinion does, that this ambiguity in the general reference conveys the lots not covered by the specific description is to depart from the general rule of construction. *Williams v. Bailey, supra; Beck v. Love,* 18 N. C., 65.

The case of *Quelch v. Futch, supra,* ought not to be misunderstood. There, an error in the specific description resulted in a misdescription of the land intended to be conveyed, as was clearly revealed by the reference in the deed to the description in another deed where the same property was conveyed to the grantor, but not where some other property was acquired by him. Under these circumstances the choice was made between declaring the deed void for want of sufficient description or giving it significance according to the manifest intention of the parties. It is a far cry from that case to this one. "Every opinion to be correctly understood ought to be considered with a view to the case in which it was delivered." *U. S. v. Burr,* 4 Cranch, 469.

The case of *Von Herff v. Richardson, supra,* is likewise on four points with the case at bar, where a different result was upheld. See, also, *Gaylord v. McCoy,* 158 N. C., 325, 74 S. E., 321; *Peebles v. Graham,* 128 N. C., 222, 39 S. E., 25.

It is not to be doubted that "by a proper reference of one deed to another, the description of the latter may be considered as incorporated into the former, and both be read as one instrument for the purpose of

identifying the thing intended to be conveyed." *Everitt v. Thomas,* 23 N. C., 252. But this is not our case.

The deed in question contains two clear and unmistakable descriptions by metes and bounds, the one under the designation "First Lot" and the other under the title "Second Lot." The specific description under the "First Lot" covers Lots 17 and 18 in Block D, while the particular description under the "Second Lot" covers Lots 1, 2 and 3 in Block D. Then follows the reference, "And being all of those certain lots conveyed," etc. Under the decisions heretofore prevailing, the particular descriptions take precedence over the general reference and are regarded as controlling. *Scull v. Pruden,* 92 N. C., 168; *Proctor v. Pool,* 15 N. C., 370.

BARNHILL and WINBORNE, JJ., concur in dissent.