Ruffin, Chief Justice.
 

 — It has been contended for the plaintiff, that the action can be maintained upon the strength of the consent rule alone, as that confesses the ouster, and the defendant cannot afterwards deny it. Perhaps that may be correct; but, a resort
 
 to it, is not
 
 necessary in this case, as the Court entertains a decided opinion, that the facts as proved, without the aid of those supposed in the record, do fully support the action.
 

 The argument against it, is that the lessor of the plaintiff, who affirms that he has the title, and is in possession of part, with a claim of the whole, might bring trespass against the defendant, and, therefore, must be legally regarded as in possession of the whole, and cannot bring ejectment. It is true, that entry is one of the common law remedies of the owner, whereby he converts a disseisor or intruder into a trespasser. Hence, such an entry accompanied with such acts of ownership, over a part even, in the name of the whole, as shows the purpose of taking a full possession, and treating the wrongdoer as a mere trespasser, may be held to be sufficient to support the action of trespass. But, if it be so, it can only be upon the ground of the anxiety of the law to support right, and to advance all or any of the remedies for an acknowledged wrong. To allow the owner to elect, to have the actual possession of the whole, is rather excused by that anxiety, than justified by the exact truth. The case states, that these parties are in possession of different parts of the tract of land, each claiming the whole adversely under distinct titles. It does not appear which had the prior possession, nor how long each had his possession before the commencement of the suit. It perhaps would make no difference, whether the lessor of the plaintiff entered on the defendant, or the contrary. For there is nothing incongruous in the supposition, that the owner may be disseised of a parcel of his estate, or may
 
 *7
 
 enter into a- parcel and not the whole. Concurrent, adverse actual possessions are not easily conceived. When after the entry of the owner, he brings trespass against the tortious possessor for continuing his possession, it is upon the idea, that the entry was intended as the resumption of the exclusive possession. But if the entry be only into a parcel, as such, the possession acquired thereby is necessarily restricted to that parcel; and by bringing ejectment instead of trespass, the owner disavows the possession of-the whole. This is exemplified in the common rules respecting possession and the operation of the statute of limitations, when deeds lap, as it is called. If neither claimant be in actual possession of the land covered by both deeds, the seisin is in the owner; but if one of them be seated on that part and the other not, then the possession of the whole interference is in the former. But if both have actual possessions on it, the possession of the whole is in neither; that of the owner extending by virtue of his title to all not actually occupied by the other; and that of the latter, being limited to his actual occupation. So the rules have been long understood, as expressed in
 
 Den
 
 v.
 
 Harman,
 
 4 Dev. 158. It cannot be admitted that the owner is restricted to the use of physical force to protect his possession, or remove the person who thus disturbs it. That remedy is tolerated, but not encouraged. The law must have means of its own, for removing by process, a wrongful possessor, and quieting a rightful one. To call that process into activity, the owner who has been ousted of a parcel of a tract of land, is surely not obliged to abandon his residence on another part of the land, so as to put himself entirely out of possession, although he ma,y claim the whole as one entire tract according to his title papers. On the contrary, the opinion of the Court is clear, that where the land is capable of severance into parcels, and a wrongdoer actually occupies one of them, the truth of the case forbids him, when a defendant in ejectment, to deny that he is in possession, or that he has ousted the other party from the parcels of which he is himself thus possessed. Such a denial would itself be a fiction, and to allow it, would be to set it up to work a wrong, in
 
 *8
 
 stead of advancing a remedy by it. Here, there are two different and distinct dwelling houses, and each is occupied severally by the respective parties, of whom each claims to have a right to the whole, though not to hold the whole. Here are, therefore, in fact, separate parcels; and the doubt is, whether the lessor of the plaintiff, if the owner, could have trespass, without a re-entry into the part in the occupation of the defendant. That it does not lie in the mouth of the latter, after he has actually entered into a part upon an adverse claim of right to the exclusive possession, to say that he did not intend to usurp the exclusive possession, and has not usurped it — in other words, that he has not ousted the owner — we have no doubt. As far as he has acquired a possession, it is not competent for him to deny that it has been lost on the other side. We suppose that there can be no doubt, that the declaration may be for the whole tract, and yet a recovery be had for any part which the defendant possesses in severalty, or for any undivided aliquot part. The Court, therefore, deems the opinion delivered in the Superior Court erroneous, and must revei’se the judgment, and send the cause to another trial.
 

 Per Curiam. Judgment reversed.