Ruffin, C. J.
 

 The instructions of his Honor were un-
 

 doubtedly correct. As the case stands upon the exception, it is to be assumed, that the line of the Williams grant was where the plaintiff'claimed ; and, where, indeed, the defendant admitted it to be ; but it is to be assumed also, that the line of the defendant’s grant was where ho claimed it to bo, and where the plaintiff denied it to be : so that in point of fact there was, according to the expression that has come into common use, a lapping of the-grants upon eaeli other. In such a case, the law has been held in many cases to bo, that if one of the claimants be seated on that part, and the other not, the possession of the whole interference is in the former exclusively— possession of part of the land included in both deeds, being possession of all of it.
 
 Green
 
 v.
 
 Harman,
 
 4 Dev. 158,
 
 Dobbins
 
 v.
 
 Stephens,
 
 1 Dev. & Rat.
 
 5, Carson
 
 v.
 
 Burnett, 1
 
 Dev. .& Bat. 54(5.
 
 Williams
 
 v.
 
 Buchanan,
 
 1 Ired. 535. 4-S the defendant thus had the possession, for seven years, of the whole of the laud covered by both grants, he ac* quired a good title to the whole, though his was the junior grant.
 

 The plaintiff cannot have a reversal of the judgment for the rejection of the declarations of Williams, as to the. reasons for beginning to survey, not on any line of his tract, but at a place on the Yadkin, at some distance from the land. In the first place, the plaintiff has not set forth in his exception, what the reasons declared were; and it is therefore impossible to determine,.whether they were relevant, or not, to any point in controversy. It is incumbent on the appellant to show the íelevancy of the declarations, in order to establish an error in rejecting them. But the case is even stronger* than that against the plaintiff', for, as far as the nature of the declarations can be conjectured from the circum
 
 *189
 
 stances, they must have been irrelevant or incompetent. If the object was to show that Williams then claimed the line, which the plaintiff now does, as the line of his patent, the evidence was wholly immaterial; inasmuch as fhe defendant did not at all deny that to be Williams’ line, but admitted it throughout, and put his case entirely upon the title gained under the statute of limitations by a possession of more than seven years, under the color of his own grant. If the object was to prove by those declarations where the line of the defendant’s patent was, they were manifestly imeompetent for that purpose ; for, upon a question of boundary, it cannot be competent for one claimant to prove by his own declarations at a former period, what is the ambit of his adversary’s deed. In every point of view, therefore, there does not appear to have been an error in ruling out those declarations,
 

 Per Cueiam, Judgment affirmed.