W. H. BASNIGHT v. B. F. MEEKINS.

*Proceeding to Establish Boundaries—Possession—Constructive Possession—Evidence.*

1. Actual possession of one tract of land does not give constructive possession of an adjoining tract separated from the other by distinct lines and boundaries

2. Where, in the trial of proceedings to establish boundaries, under the provisions of Chapter 22, Acts of 1893, the plaintiff claimed a parcel of land adjoining a tract of which he had actual possession, but failed to show any possession, actual or constructive, of the land in dispute, or to show title out of the State, or to connect his title with prior owners; *Held*, that it was not error to instruct the jury that, upon the evidence, the jury should find adversely to the plaintiff

Proceedings to settle a disputed boundary of land tried before *Bryan, J.*, and a jury, at Spring Term, 1897, of DARE Superior Court, on appeal from the judgment of the Clerk of the Superior Court. There was a verdict for the defendant and from the judgment thereon plaintiff appealed.

*Messrs. J. W. Hinsdale* and *B. G. Crisp*, for plaintiff (appelant).

*Mr. E. F. Aydlett* for defendant.

FURCHES, J.: This is a proceeding commenced under chapter 22, Acts of 1893, for the purpose of locating and

establishing the lines between the lands of plaintiff and those of defendants.

Plaintiff claims title directly under a deed from J. W. Albertson, trustee, dated April the 6th, 1894. The description of the lands contained in this deed are as follows: "Beginning at the sound on S. A. Baum's line, and running along said line to a post in the land; thence a straight line to a certain ditch; thence along said ditch, at the corner of the ditch, to Dalby's line; thence along said line to the sound, thence along the sound to the first station: containing, by estimation, fifty (50) acres more or less. Also, all my right, title and interest in and to the marsh land adjoining said tract, containing, by estimation, twenty-five (25) acres more or less, together with all my right, title and interest in and to the balance of the one hundred and fifty acres formerly held by Stephen Barnett and Stephen Casey, the whole tract containing one hundred acres, more or less, of high land, and twenty-five acres of marsh land."

The description contained in the deed of Stephen B. Casey to James L. Barnett is as follows: "A certain piece or parcel of land lying on Roanoke Island, joining the lands of Solomon A. Baum, known as the Daniel Baum land, containing seventy-five acres, more or less." And the deed from Stephen Barnett to F. A. Porter contains the following description: "A certain tract or parcel of land on Roanoke Island, being the half of the tract bought by me and Stephen B. Casey of John Etheridge, it being the tract I now reside on, binding the sound, containing fifty acres, more or less, as will appear by the deed of division, 28th of July, from Stephen B. Casey to me, bounded as follows: Beginning at the sound in S. A. Baum's line, thence said line to a post in the line, thence a straight line to a certain ditch, thence said ditch, at the corner of the ditch, to Dalby's line, thence said line to the sound, thence along the sound to first sta-

tion, containing, by estimation, fifty acres, more or less.    I also sell and convey at the same time to the said F. S. Procter and his heirs forever all my right and title to the marsh land adjoining the aforesaid tract containing, by estimation, twenty-five acres, more or less.    I sell and convey to the said Procter and his heirs, forever, all my right and title in the balance of the one hundred and fifty acres held by me and Stephen Casey, the whole tract containing one hundred acres, more or less, of high land and twenty-five of marsh land."

The plaintiff resides upon the land included in the first boundary contained in his deed, the fifty acre tract, and he has no possession outside of this boundary, unless the possession of this fifty acres gives him a constructive possession of the other lands claimed by him.    He says in his testimony that he has no possession. outside of this boundary and does not claim to have. But it is claimed for the plaintiff that he meant by this that he had not the actual possession—*possessio pedis*—and it seems to us that this construction of his evidence would only be fair to him.

This Act was intended to take the place of Chapter 48 of *The Code*, which it repeals.    It is a new mode of processioning land.    It provides that the owners of land may have the benefit of this statute; and it provides that "occupation" shall constitute sufficient ownership to entitle the party to the benefit of this Act.    We suppose the word "occupation" is used in the sense of possession.    To give it this meaning is more favorable to the claimant than "occupy."    It is more comprehensive and in conformity with legal parlance.

There is but one exception presented by the record, and that is to the charge of the court upon the first issue, to-wit:

"Are the lines on the map, beginning at blue G, thence to blue F, thence to red B, thence to red C, thence to blue

G, the true boundary lines between the lands of the plaintiff and the lands of the defendants?" The burden of this issue was upon the plaintiff.

The Court was asked to charge the jury that if they believed all the evidence they should find this issue "no." The Court gave this instruction and the plaintiff excepted. The boundary designated in the issue did not only cover the fifty acre tract, upon which plaintiff resides, but also a large body of land outside of the fifty acre boundary. He had no possession of any land outside of the fifty acre boundary, unless it be a constructive possession arising from the fact that he was in the actual possession of the fifty-acre boundary. This he could not have, as the fifty-acre tract was separated from the other lands, claimed by the plaintiff, by distinct lines and boundaries. *Loftin* v. *Cobb*, 46 N. C., 406. This being so, the plaintiff could not maintain his action upon the ground of possession. And to entitle him to do so, he must rely upon his title. In this he utterly failed. He showed no title out of the State. He failed to connect his title with Barnett and Casey. He failed to show possession by himself, or any one else, of the land claimed outside of the fifty-acre boundary. Indeed, the descriptions given of the land, claimed by the plaintiff outside of the fifty-acre tract, are so indefinite, vague and uncertain, as to make them incapable of being located. We therefore fail to see error in this ruling of the Court, and the judgment must be affirmed.

There was some question made as to the costs. And if that question is properly before us now, we see no error in this respect, as the plaintiff utterly failed to establish his contention, and both issues were found against him.

Affirmed.