## HARPER v. ANDERSON.

(Filed June 13, 1902.)

1. BOUNDARIES—*Description—Deeds—Questions for Jury.*

> Where a person wills two tracts of land, as the "Dickens" and "Micajah Anderson" tracts, and there is contradictory evidence as to what land is covered by these two tracts, such evi_ence should be submitted to the jury.

2. EVIDENCE—*Partition Proceedings—Boundaries.*

> Where there is a dispute as to the boundaries of a tract of land, the survey and plat of the land, in a partition proceeding, is not competent evidence in another action in which one of the parties was not a party to the partition proceedings.

3. EVIDENCE—*Sufficiency—Verdict—Directing.*

> A trial judge may say to a jury there is no evidence tending to prove a fact, but he can never say a fact is proved.

ACTION by Adrian Harper and wife against J. H. Anderson, heard by Judge *E. W. Timberlake* and a jury, at October Term, 1901, of the Superior Court of EDGECOMBE County. From a judgment for the plaintiffs, the defendant appealed.

*John L. Bridgers,* for the plaintiffs.
*G. M. T. Fountain,* for the defendant.

CLARK, J.    Thomas Anderson bought two adjoining tracts of land, the "Dickens tract" and "Micajah Anderson tract," at different times and under distinct deeds, describing each tract by metes and bounds.    At his death in 1898, he devised the "Dickens" land to plaintiff and her brother, Micajah Anderson, and by decree in partition proceedings the same was afterwards divided, the defendant not being a party.    The "Micajah Anderson tract" was devised to the defendant, who has remained in possession of the *locus in quo*.    It was in evidence that Thomas Anderson cleared up the *locus in*

*quo,* and cut a canal, which differed from the boundary, be-
tween the aforesaid tracts, and there was evidence by the de-
fendant that, thereafter, Thomas Anderson always called the
land south of and up to the canal the "Micajah Anderson"
land, and the land north of the canal and up to the canal the
"Dickens land." The *locus in quo* is eight acres on the south
side of the canal, and the survey made under the order of the
Court showed that it was within the boundaries of the origi-
nal "Dickens" land, as described in the deed therefor. There
was also evidence tending to show that it was within the
bounds of the original "Micajah Anderson" tract, as de-
scribed in the deed therefor.

It was in evidence both by plaintiff and defendant that
Thomas Anderson (their father) put the plaintiff in posses-
sion of the Dickens land up to the canal thirteen years before
his death, and put the defendant in possession of the Micajah
Anderson tract up to the canal eighteen years before his death,
and they remained on the opposite sides, cultivating the land
up to the canal, as their common boundary, up to Thomas
Anderson's death, neither being required to pay rent.

The plaintiff introduced in evidence a survey and plot of
the division of the Dickens land between the plaintiff and
her brother, to show title in the plaintiff, and that the descrip-
tion in the Dickens deed covered the *locus in quo.* Defend-
ant's objection was overruled, and he excepted. There was
error, for defendant was not a party to that proceeding, and
is in nowise bound by it.

At the close of the evidence, "the Judge was of the opinion
that plaintiff was entitled to recover, and charged the jury to
find for the plaintiff, which was done by the Judge answering
the issue for the jury." This was error. The question for
the jury was not that of two parties claiming under distinct
deeds, where the boundaries of the deeds must govern, but
here the title came from the same source, the will of their

father. The question is, What did he mean when he spoke of the "Dickens" land and the "Micajah Anderson" land? Whether the *locus in quo* was intended by him to be embraced in one or the other, was not to be determined solely by whether it was included within the bounds of the one or the other deed, but that fact must be taken into consideration, together with the admission that he had made the canal a new boundary, putting one devisee in possession up to the canal on one side for eighteen years before his death, and the other on the other side up to the canal for thirteen years, thus treating it as a new boundary, and the evidence that, after digging the canal, Thomas Anderson always termed the land on one side thereof the "Dickens" land, and that on the other the "Micajah Anderson" land. *Peebles v. Graham,* 128 N. C., 222. This, if found true by the jury, would be very pregnant, if not conclusive, evidence that the testator had that division in mind in writing his will, especially taken in connection with the admitted long possession of the respective devisees up to the canal as the dividing line. Where the boundary is, is a fact to be decided by the jury. *Clark v. Wagoner,* 70 N. C., 706. Besides, "A Judge may say to a jury there is no evidence tending to prove a fact, but he can never say a fact is proved." *Cox v. R. Co.,* 123 N. C., 604.

Error.