## HARPER v. ANDERSON.

(Filed March 10, 1903.)

1. EJECTMENT—*Boundaries—Burden of Proof.*

In ejectment, there being an issue as to the boundary line between two adjoining tracts, the burden of proving the correct line is on the plaintiff.

2. EJECTMENT—*Evidence—Instructions—Wills—Boundaries.*

Testator purchased two adjoining tracts of land at different times and under distinct deeds, one tract from A., and the other from D. Thereafter he cut a canal differing from the boundary between the two tracts, and put plaintiff in possession of the D. tract up to the canal, and defendant in possession of the A. tract up to the canal, and subsequently devised the D. tract to plaintiff and the A. tract to defendant. There was evidence that the canal cut some eight acres off the south side of the D. tract, as described in the deed to the testator; also that the eight acres was included in the description in the deed for the A. tract; also that testator had treated the canal as the dividing line. In ejectment to recover the eight acres, the plaintiffs' ownership did not depend on whether they were included in the deed of the D. land, even if it was the senior deed, but on whether, by the terms of the will, they were devised to him; and the intention of the testator at the time of cutting the canal would not determine the true boundary between the tracts, but his intention at the time of making the will.

ACTION by Adrian Harper and wife against J. H. Anderson, heard by Judge *Francis D. Winston* and a jury, at October Term, 1902, of the Superior Court of EDGECOMBE county. From a judgment for the plaintiffs, the defendant appealed.

*John L. Bridgers,* for the plaintiffs.
*G. M. T. Fountain,* for the defendant.

CLARK, C. J. This case was before the court, and upon substantially the same state of facts 130 N. C., 538. In that case the court said "The question for the jury was not that of two parties claiming under distinct deeds, where the boundaries of the deeds must govern, but here the title came

from the same source, the will of their father. The question is, what did he mean when he spoke of the 'Dickens land' and the 'Micajah Anderson' land? Whether the *locus in quo* was intended by him to be embraced in the one or the other, was not to be determined solely by whether it was included within the bounds of the one or the other deed, but that fact must be taken into consideration together with the admission that he had made the canal a new boundary, putting one devisee in possession up to the canal on one side for 18 years before his death, and the other on the other side up to the canal as a new boundary, and the evidence that, after digging the canal, Thomas Anderson always termed the land on one side thereof the 'Dickens land' and that on the other side the 'Micajah Anderson land'. *Peebles v. Graham,* 128 N. C., 222. This, if found to be true by the jury, would be very pregnant, if not conclusive evidence that the testator had that division in his mind in writing his will, especially taken in connection with the admitted long possession of the respective devisees up to the canal as the dividing line."

B C D E F G - LAND IN DISPUTE
A B G     - OLD CANAL.
B C       - NEW CANAL.
G F E     - CLAIMED TO BE OLD RUN
F         - POT HOLE IN OLD RUN
C D E     - OLD MARKED LINE
C D       - JOHN W. JOHNSONS LINE

The *locus in quo,* is eight acres on the south side of the canal, and lying between it and the dotted line on the plat above. The plaintiff seeks to recover this eight acres lying on the opposite side of the canal by evidence tending to show that it was embraced in the boundaries of the deed for the "Dickens land" to the testator. There was also evidence tending to show that it was within the bounds of the original "Micajah Anderson" tract as described in the deed therefor to the testator. The canal was cut in 1872 or '73.

The court charged at request of plaintiff "That the defendant contending that the new canal was made the line by Thomas Anderson between the Dickens land and the Micajah Anderson land the burden of proving the same to be the line is on the defendant and he must satisfy you that it is, by a preponderance of evidence." This is error. This is an action of ejectment and the plaintiff must recover upon the strength of his own title. The defendant is in possession up to the line of the canal and the burden is on the plaintiff to show that this is not the line and that the defendant is in possession of land within the plaintiff's boundary. The second instruction is erroneous for the same reason. The court erred further in instructing the jury "Whether the plaintiff owns the land in controversy will depend on whether it is land described in the deed to Thomas Anderson for the Dicken's land." There was evidence also that it was described in the deed to Thomas Anderson for the Micajah Anderson land. The title of these parties arises simultaneously from the will. The defendant being in possession the plaintiff must show that by the terms of the will the *locus in quo* was devised to him. If it is embraced in both deeds to the testator it is not decisive that the deed to him for the Dickens land was older than the deed for the Micajah Anderson land. This was distinctly pointed out in our former decision. The court also erred in charging that unless Thomas Anderson "made a

new dividing line between the tracts, *cut the canal for that purpose,* then the plaintiff would be the owner of the land and entitled to recover." It is not what was the purpose of Thomas Anderson in cutting the canal in 1872, which was probably for drainage merely and without any intention as to a division, but his meaning 26 years later in 1898 in describing the land devised which must govern. The evidence as to his nomenclature of the land thereafter, his treating the canal as a dividing line and putting each party into possession up to the canal as the dividing line, is entirely ignored by this instruction.

New Trial.