JAMES B. WEBB AND WILLIAM H. PENNY v. MOURNING BATTLE.

(Filed 17 February, 1926.)

**1. Deeds and Conveyances—Inconsistent or Vague Descriptions in Part—Reference to Former Deeds—Intent.**

Where in an action to recover lands the right of a party depends upon a deed in his chain of title wherein a vague boundary given does not include the *locus in quo*, but in this deed reference is made to a description in a former deed in his chain of title, which does definitely include the *locus in quo*, the deed with these seeming contradictions will be interpreted to ascertain the intent of the parties, and effect will be given to the reference to the former deed, in determining the question of adverse possession under seven years color from a common source.

**2. Same—Evidence—Location of Locus in Quo—Questions for Jury.**

Where a definite call in a deed renders certain another and vague call therein, it is for the jury to determine whether the *locus in quo*, under the evidence, falls within the lands described in the conveyance.

**3. Same—Lappage—Adverse Possession—Limitation of Actions—Superior Title—Burden of Proof.**

Where the *locus in quo* is contained in a lappage in the description of the deeds of rival claimants, and one of them claims title by adverse possession under color, and the other shows a superior claim under his chain of title from a common source, the possession of the former is deemed to be under the title of the latter, and the burden is upon him to show title by adverse possession as claimed by him.

APPEAL by plaintiff from *Cranmer, J.,* at October Term, 1925, of NASH.

The complaint consists of the usual allegations in an action to recover land. The answer joins issue and sets up the defense of possession for thirty years under known and visible lines and boundaries and for twenty-one years and for seven years under color of title. Verdict:

1. Are the plaintiffs the owners of and entitled to the possession of the land described in the complaint? Answer: No.

2. Does the defendant unlawfully withhold possession of said land? Answer: .. .................

Judgment for the defendant; appeal by plaintiffs upon errors assigned.

*Battle & Winslow for appellants.*

ADAMS, J. The plaintiffs brought this suit to recover the tract represented on the plat by the letters ABXA. The defendant claims to be the owner of the lot designated by the letters YBAXY; but the plaintiffs say that her boundaries are limited by YBXY. On the trial the plaintiffs offered record evidence tending to show that in 1855 William S.

Battle was the owner of a large tract of land including the *locus in quo;* that in 1865 he divided the tract into two parcels, conveying one part to T. H. Griffin and the other to Willie B. Ricks; that by mesne conveyance the plaintiffs acquired title under Griffin to ABXA and the defendant under Ricks to YBXY. After putting in evidence their own chain of title the plaintiffs, for the purpose of showing a common source,

introduced the deeds under which the defendant claims. The description in the defendant's deed is as follows: "Adjoining the land of Will Harris and Jones Smith and others, bounded as follows: Being in the section of Rocky Mount, known as Little Raleigh, and beginning at a stake in the southern line of Grace Street, Jones Smith corner; thence in a northern direction with the western line of Grace Street, 64 feet to a stake, Will Harris corner; thence along Will Harris line 185 feet, more or less, to Garvey and Jones Smith corner; thence with Jones

Smith's northern line 120 feet, more or less, to the beginning, and being all of the land formerly owned by Calvin Battle, between the northern line of Jones Smith and the southern line of Will Harris, see deed from Jones Smith and wife to John Battle, Book 154, page 228, Nash County Registry."

The defendant contends that this description embraces YBAXY and takes in the disputed land; that the deeds under which she claims are color of title; that she and her predecessors held possession under known and visible lines and boundaries and under colorable title for seven years before the institution of the action; and that the plaintiffs are thereby barred. C. S., 428. On the other hand the plaintiffs say that the defendant's deed does not include ABXA and that the defendant could not have had color of title to this lot. These inconsistent positions require an interpretation of the defendant's deed. In *Quelch v. Futch,* 172 N. C., 316, it is said: "We have in the deed in question a description by metes and bounds in which the land in controversy is not conveyed, and also a description which refers to another deed duly recorded by book and page, which gives a definite description covering the land in controversy. It must be admitted that if the first or specific description entirely is eliminated from the deed, according to the evidence, the second or general description is sufficient, and covers the land described in the complaint. It matters not that the last description follows the warranty. The whole deed must be so construed as to give effect to the plain intent of the grantor, and the parts of the deed will be transposed if necessary. *Triplett v. Williams,* 149 N. C., 394; 13 Cyc. 627. The entire description in a deed should be considered in determining the identity of the land conveyed. Clauses inserted in a deed should be regarded as inserted for a purpose, and should be given a meaning that would aid the description. Every part of a deed ought, if possible, to take effect, and every word to operate. A reference to another deed may control a particular description, for the deed referred to for purposes of description becomes a part of the deed that calls for it. 13 Cyc., 632; *Brown v. Rickard,* 107 N. C., 639; *Everitt v. Thomas,* 23 N. C., 252." In the defendant's deed the description by metes and bounds is followed by the phrase,—"being all the land formerly owned by Calvin Battle, between the northern line of Jones Smith and the southern line of Will Harris." If as contended by the plaintiffs, Calvin Battle, before executing his deed to Jones Smith (4 August, 1906), conveyed all the land devised to him by his father except YBXY and the northern boundary of the Calvin Battle line is XB, the words "between the northern line of Jones Smith and the southern line of Will Harris" apparently would include no land north of XB. If this be admitted or established, the next question will be whether the remaining description extends the defendant's northern line

to AB. It will be observed that two "calls" in the deed are inconsistent:
—"thence along Will Harris line" and "to Garvey and Jones Smith
corner." A line from B along the Harris line will not reach the Garvey
and Jones Smith corner; a line from B to this corner will not run with
the Harris line. If the boundaries in the defendant's deed by their terms
exclude the *locus in quo* the mistaken call for the Harris line would not
extend them. *Ferguson v. Fibre Co.* 182 N. C., 731. The plaintiffs in-
sist that the defendant's lot is enclosed by three lines and is therefore
triangular. As to the line YB there is no controversy; the next extends
from B to the Garvey-Smith corner; and the third is between this corner
and the beginning. The defendant's contention that the line should be
run from B to A and thence to X would convert the triangle into a
quadrilateral and would disregard the Garvey-Smith corner as the
terminus of the second line. The more reasonable and the only consistent
interpretation leads to the conclusion that the mistaken call, "along Will
Harris line," cannot control the more definite description in the deed.
The principle is thus stated by *Chief Justice Ruffin in Proctor v. Pool,*
15 N. C., 370; "It is a general rule that if the description be so vague
or contradictory that it cannot be told what thing in particular is
meant, the deed is void. But it is also a general rule that the deed shall
be supported, if possible; and if by any means different descriptions can
be reconciled, they shall be; or if they be irreconcilable, yet if one of
them sufficiently points out the thing, so as to render it certain that it
was the one intended, a false or mistaken reference to another particular
shall not overrule that which is already rendered certain." The same
writer reannounces the principle in *Mayo v. Blount,* 23 N. C., 283: "It
is admitted to be a sound rule of construction that a perfect description,
which fully ascertains the *corpus,* is not to be defeated by the addition
of a further and false description." See, also, *Shaffer v. Hahn,* 111
N. C., 1; *Peebles v. Graham,* 128 N. C., 222; *Harper v. Anderson,*
130 N. C., 538, 540; *S. c.,* 132 N. C., 89; *Hurley v. Ray,* 160 N. C.,
376, 379; *Williams v. Bailey,* 178 N. C., 630; *Dill v. Lumber Co.,* 183
N. C., 660; *Quelch v. Futch, supra.*

If it is shown that the northern boundary of the Calvin Battle land
was XB at the date of his conveyance to Jones Smith, it will follow as
an inference of law that the defendant's lot is bounded by the three
designated lines, that is (1) the line extending from the beginning corner
in the southern line of Grace Street with the western line of the street
to Will Harris' corner; (2) the line running thence to the Garvey-Smith
corner; and (3) the line running thence to the beginning—the location
of course to be determined by the jury.

As to the title and the burden of proof the jury were instructed as
follows: "The burden is upon them (the plaintiffs) to show that they

have been in possession of the land inside of the seven years, within the seven years, or that their deeds cover the land and that the defendant has not been in possession of the land within the seven years. To make it plain to you, the defendant pleads the statute of limitation and therefore the burden is upon the plaintiffs and not upon the defendant to satisfy you that they have the title to the land."

This instruction was erroneous. "It is settled that where the title deeds of two rival claimants to land lap upon each other, and neither is in the actual possession of any of the land covered by both deeds, the law adjudges the possession of the lappage to be in him who has the better title. If one be seated on the lappage and the other not, the possession of the whole interference is in the former. *Green v. Harman,* 15 N. C., 158; *Williams v. Miller,* 29 N. C., 186; *Scott v. Elkins,* 83 N. C., 424; *Dobbins v. Stephens,* 18 N. C., 5; *Smith v. Ingram,* 29 N. C., 175; *Kitchen v. Wilson,* 80 N. C., 191. But if both have actual possession of the lappage, the possession of the true owner, by virtue of his older title, extends to all not actually occupied by the other." *McLean v. Smith,* 106 N. C., 172.

The plaintiffs offered evidence tending to show a common source of title (if the defendant's deed should include the *locus in quo*) and that their claim was superior to that of the defendant. Under these circumstances it was incumbent upon the defendant to show by the preponderance of the evidence that she and those under whom she claims had held adverse possession for seven years under color of title. In *Land Co. v. Floyd,* 171 N. C., 543, the Court said: "The statute, Revisal, sec. 386, (C. S., 432), places the burden upon the defendant to show his color and adverse possession, for otherwise his occupation shall be deemed to have been under and in subordination to the legal title." *Vanderbilt v. Chapman,* 175 N. C., 11; *Shermer v. Dobbins,* 176 N. C., 547.

New trial.