## DILL-CRAMER-TRUITT CORPORATION v. D. W. DOWNS.

(Filed 14 October, 1931.)

1. **Deeds and Conveyances D d—Testimony of declaration against interest by plaintiff's predecessor in title held competent.**

    Where the dividing line is in dispute in an action involving title to lands and trespass, testimony of declarations against his interest by the plaintiff's predecessor in title is competent against the plaintiff when the declarations are relevant to the issue and a circumstance tending to prove the correct location of the boundary.

2. **Evidence D b—Testimony in this case held incompetent as being of transaction with deceased by party interested in event.**

    The interest of one who temporarily held the title to the lands in dispute prior to the defendant is a sufficient interest in the event to disqualify his testimony as to a conversation or transaction with the plaintiff's deceased predecessor in title. C. S., 1795.

APPEAL from *Harris, J.,* and a jury, at March Term, 1931, of MARTIN. New trial.

Plaintiff brought this action alleging title to the timber on the land in dispute, some 126¾ acres describing same (evidence indicating 148 acres in controversy), together with the usual rights of ingress and egress and an unlawful trespassing in cutting of the timber by the de-

fendant, and secured a restraining order. The plaintiff offered evidence of a grant from the State in 1890 to P. E. Gatlin, the wife of R. H. Gatlin, and then a connected chain of title by will of P. E. Gatlin to R. H. Gatlin for his life and then by the remaindermen under such will as grantees of the timber and rights of the land to the plaintiff in this action. Plaintiff also offered evidence of actual possession from 1890 to the date of the institution of this action under the paper title of its grantees and their predecessors, together with evidence of damage for the alleged trespass of the defendant.

The defendant denied the material allegations of the complaint and claimed title by a connected chain going back 40 to 50 years, and alleged absolute ownership of the land in controversy. The defendant claimed title in his further answer by adverse possession for 20 years and adverse possession for 7 years under color of title, and alleged damages in the sum of $1,500 by the plaintiff by reason of the injunction issued in the case. The defendant offered evidence of paper title which he contended covered the land in dispute and also offered evidence of adverse possession of the requisite number of years, together with evidence of damage caused by the plaintiff.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is the plaintiff the owner and entitled to the timber on the tract of land described in the complaint? Answer: No.

2. What damage, if any, is plaintiff entitled to recover of the defendant for the wrongful cutting of the timber on said tract of land? Answer: ..........

3. Has the defendant and his grantors before him occupied the lands in controversy and used the same adversely and to the exclusion of all others, under known and visible metes and bounds and claiming the title thereto for a period of twenty years prior to the institution of this action? Answer: Yes.

4. Has the defendant in this action and his predecessors in title been in the possession of and using the lands in controversy under known and visible metes and boundaries to the exclusion of all others and under color of title for a period of seven years prior to the institution of this action? Answer: Yes.

5. What damage, if any, is defendant entitled to recover of plaintiff? Answer: $3,000."

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones necessary for the decision of the case will be considered in the opinion.

*T. J. Pearsall and Henry C. Bourne for plaintiff.*
*Geo. M. Fountain, A. R. Dunning and B. A. Critcher for defendant.*

CLARKSON, J. This action has heretofore been before this Court. The plaintiff appealed and was granted a new trial. In the former appeal it was held: "In actions involving title to real property, where the State is not a party, other than in trials of protested entries laid for the purpose of obtaining grants, the title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so. C. S., 426; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627; *Pennell v. Brookshire,* 193 N. C., 73, 136 S. E., 257. And in actions between individual litigants, as here, when one claims title to land by adverse possession and shows such possession (1) for seven years under color, or (2) for twenty years without color, either showing is sufficient to establish title in this jurisdiction. C. S., 428 and 430; *Power Co. v. Taylor,* 191 N. C., 329, 131 S. E., 646; *S. c.,* 194 N. C., 231." *Dill Corp. v. Downs,* 195 N. C., at p. 190. *Johnson v. Fry,* 195 N. C., 832.

The first contention of plaintiff: "Is it error for the court to permit the defendant to offer evidence of acts and conduct of plaintiff's predecessor in title pertaining to lands other than the tract of land in dispute?" We do not think the evidence of the defendant objected to goes to the extent complained of by plaintiff.

In this connection, it will be noted that Middle or Horse Branch was the northern boundary line of the lands as contended for by the defendant. The testimony of the witness, as objected to by the plaintiff, was that Captain Gatlin and Savage proceeded from a point four hundred yards north of Middle or Horse Branch in a southerly direction to Middle or Horse Branch, and that they made a corner in Middle or Horse Branch, and then instructed the witness to keep off for that same belonged to Captain Gatlin, when in truth and in fact, witness stated that he knew the lands so marked off north of Middle Branch belonged to one Bell. By the testimony of witness, if same is believed, he established the fact that plaintiff's predecessor in title, Gatlin, of his own accord, blazed a line down into the very line that defendant's evidence tended to establish was defendant's northern boundary. "That was towards Middle Branch, they chopped all the way and made a corner in that branch."

It is well settled that collateral matters foreign to the issues should be excluded and when they are prejudicial the admission constitutes reversible error. We think the evidence has some slight relevancy to the controversy, was a circumstance, and admissible.

In *Godfrey v. Power Co.*, 190 N. C., at p. 33, it is said: "There is a fundamental postulate of evidence that circumstances which are irrelevant to the existence or nonexistence of the disputed facts are not admissible."

Where the evidence is relevant it is admissible as a declaration against interest. Self-interest induces men to be cautious in making admissions that would be to their injury, therefore what was said concerning their interest would be the truth and the probability of falsehood would be slight.

"The admissibility of such evidence was fully discussed in the case of *Smith v. Moore*, 142 N. C., 277, where it was said in an elaborate opinion by *Walker, J.*, reviewing the authorities on the subject, that declarations against interest, as to facts relevant to the inquiry, are admissible in evidence, even as between third parties, when it appears (1) That the declarant is dead; (2) that the declaration was against his pecuniary or proprietary interest; (3) that he had competent knowledge of the fact declared; and (4) that he had no probable motive to falsify the fact declared." *Carr v. Bizzell*, 192 N. C., at p. 213. *Ins. Co. v. R. R.*, 195 N. C., 693; *Thompson v. Buchanan*, 198 N. C., 278.

The second contention of plaintiff: "Is it error for the court to permit a witness through and under whom defendant claims title to testify to a personal transaction and conversation concerning the matter in dispute with a party deceased, under and through whom plaintiff claims title?" We think so under the facts and circumstances of this case.

In 1915 L. W. Leggett owned the land in controversy. He was a witness for defendant. He testified, in part: "I kept title for two or three years and then conveyed to J. K. Leggett. During the time I owned it neither Captain Gatlin nor any one for him attempted to claim the 148-acre tract as I know of. Had a conversation with Captain Gatlin in 1918 or 1919, after I had conveyed to my brother, I was looking after the land for my brother who had gone to the army. Q. Tell us the circumstances under which you had a conversation with Captain Gatlin and where you were? A. We cut some timber along Middle Branch close to the pocosin and Mr. Gatlin objected to it, said he was going to have me indicted. I told him to go ahead and do it, that I didn't have any objection because I could show my right to the land. Q. Did you stop cutting? A. No. Q. Continued on? A. I finished cutting what timber I needed. Q. Did he ever indict you? A. No, sir. Q. Ever do anything else about it? A. Never heard anything more from it."

16—201

To the foregoing questions and answers plaintiff in apt time objected, the objections were overruled and plaintiff assigned error. We think the objections should have been sustained by the court below.

This brings us to the consideration of C. S., 1795, which is as follows: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic; except where the executor, administrator, survivor, committee or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning .the same transaction or communication." The application of this statute to evidence in certain cases has been troublesome. The interesting legal discussion between *Chief Justice Clark* and *Associate Justice Walker,* in *Brown v. Adams,* 174 N. C., 490, over the application of the statute in that case, is worth reading, as it indicates the different attitudes of great minds.

We are not the lawmakers. Our province is to construe the law as made. There is no question but that the testimony was "concerning a personal transaction or communication" between L. W. Leggett, witness for the defendant successor in title to the land in controversy, and Capt. Gatlin, who is dead and through whom plaintiff claims title to the land in controversy, at least the timber on same. The witness L. W. Leggett once owned the land and conveyed it to his brother, J. K. Leggett. The interest of the witness L. W. Leggett, the "person interested in the event" is remote.

In 5 Jones, Com. on Ev. (2d ed.), part sec. 2236, pp. 4282-3, it is said: "In order to disqualify a witness as one 'interested' in the event of the action, it must appear, in addition to the fact that the estate of a decedent or incompetent is involved in the action, that the interest of such proposed witness is real, direct, and pecuniary. Under the wording of many statutes the interest, to disqualify, must also be adverse to that of the representatives of the deceased in their representative capacity. Other authorities state that the interest, in order to disqualify, must be present, certain and vested; legal, certain, and immediate; or direct and immediate. The extent of the interest if of the nature indicated

is immaterial." *Mull v. Martin*, 85 N. C., 406; *Bunn v. Todd*, 107 N. C., 266; *Helsabeck v. Doub*, 167 N. C., 205; *Sherrill v. Wilhelm*, 182 N. C., 673; *R. R. v. Hegwood*, 198 N. C., 316.

We think it refined law, but apparently within the statutes, that Leggett's evidence was incompetent. It is in the province of the lawmaking power to change or modify the statute, not ours. It may be of interest to note that Dean Wigmore says "There never was and never will be an exclusion on the score of interest which can be defended as either logically or practically sound." Vol. 1, Wigmore on Evidence (2d ed.), p. 1006, part sec. 578. For the reasons given, there must be a

New trial.