ED N. VANCE v. E. C. GUY ET AL.

(Filed 8 November, 1944.)

**1. Minerals and Mines § 3: Adverse Possession § 13c—**

Where a plaintiff's deed ostensibly conveys the land in fee, the title to the mineral rights having been previously reserved and separated from the surface rights by a predecessor in title, plaintiff is remitted to a claim of adverse possession under his deed as color of title for seven years to establish his right to the minerals in question.

**2. Minerals and Mines § 6: Adverse Possession § 20—**

Where plaintiff's surface rights to lands are conceded and the mineral rights alone are involved in a claim of adverse possession, it would seem that some appropriate limitation on the use of the words "lands" and "some part of the land" might be in order in the charge to the jury on the law as to the possession of mineral rights which will ripen into title. Especially since plaintiff is not claiming any mineral rights in part of the property embraced in his deed.

**3. Evidence § 6—**

A *prima facie* case means and means no more than evidence sufficient to justify, but not to compel an inference of liability, if the jury so find. It furnishes evidence to be weighed, but not necessarily to be accepted by the jury.

**4. Evidence § 6: Appeal and Error § 39g—**

The rule as to burden of proof constitutes a substantial right, and error in respect thereof usually entitles the party aggrieved to a new trial.

**5. Adverse Possession §§ 17, 20: Appeal and Error § 39e—**

In a sharply contested action on the question of adverse possession, where the court instructed the jury that the plaintiff had the burden of the issue, which never shifts, but when the actor has gone forward and

made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts as to him, there is reversible error.

**6. Adverse Possession § 8—**

Where the title deeds of two rival claimants to land lap upon each other, and neither is in actual possession of any of the land covered by both deeds, the law adjudges the possession of the lappage to be in the one who has the better title.

**7. Same—**

If one of rival claimants be seated on the lappage and the other not, the possession of the whole interference is in the former.

**8. Same—**

If both rival claimants have actual possession of some part of the lappage, the possession of the true owner, by virtue of his superior title, extends to all not actually occupied by the other.

**9. Adverse Possession § 9b—**

Where one enters upon real estate under adverse deed or title, possession so taken will be construed to extend to the boundaries of the deed or title; and although the deed or title may turn out to be defective or void, yet the true owner will be deemed disseized to the extent of the boundaries of such deed or title, unless at the same time the true owner be in the possession of a part of the estate, claiming title to the whole, in which event his seizin will extend by operation of law to all not in the actual close or occupancy of the party entering and claiming under a defective title.

**10. Trial § 33—**

An exception cannot be sustained where it is directed to a contention which was not seasonably called to the court's attention and opportunity afforded to correct it.

**11. Adverse Possession § 2—**

In actions involving the title to real property, where the State is not a party, other than trials of protested entries laid for the purpose of obtaining grants, title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so.

APPEAL by defendants from *Blackstock, Special Judge,* at April Term, 1944, of AVERY.

Civil action to recover for minerals wrongfully mined and taken from plaintiff's property.

Upon denial of liability and assertion of right, issues of ownership, trespass, willfulness and damages were submitted to the jury and answered in favor of the plaintiff, the value of the minerals at the mine after separation from the realty being fixed at $80,000.00

From judgment under G. S., 74-32, for double the value of the minerals as determined by the jury, the defendants appeal, assigning errors.

*Walter C. Berry, Burke & Burke, Charles Hughes, and S. J. Ervin, Jr., for plaintiff, appellee.*

*J. V. Bowers, Proctor & Dameron, John C. McBee, and J. C. B. Ehringhaus for defendants, appellants.*

STACY, C. J.   This is the same case that was before us at the Fall Term, 1943, reported in 223 N. C., 409, 27 S. E. (2d), 117, with sufficient statement of the facts, to which reference may be had to avoid repetition.   The first appeal was from a judgment in favor of the defendants. The present appeal is from a judgment in favor of the plaintiff.

The plaintiff claims title to the minerals in question under a deed from The Plumtree School for Boys which purports to convey to the plaintiff in fee simple 375 acres of land in Avery County.   This deed was executed and registered in 1925.   It recites a consideration of $6,000. Plaintiff testified that he had been in possession of the land since the date of his deed, claiming the minerals as well as the surface, and that he had operated three mica mines on the northern portion of it, disclaiming, however, any interest in the minerals on 68 acres of the land.   This action was instituted in August, 1941.

It was made to appear on the hearing that while plaintiff's deed ostensibly conveys the land in fee, the title to the mineral rights on the portion here in controversy had previously been reserved and separated from the surface rights by predecessors in title, and plaintiff was therefore remitted to a claim of adverse possession under his deed as color for seven years to establish his right to the minerals in question.   *Davis v. Land Bank,* 219 N. C., 248, 13 S. E. (2d), 417; *Dorman v. Goodman,* 213 N. C., 406, 196 S. E., 352; 36 Am. Jur., 432.   In this connection, and speaking to the burden of proof, the court instructed the jury that the plaintiff had the burden of the issue, which never shifted, but "when the actor has gone forward and made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him."   The inexactness of this instruction may well have been the determining factor on the trial, as the plaintiff's claim of adverse possession was sharply contested.   *Locklear v. Savage,* 159 N. C., 236, 74 S. E., 347; 1 Am. Jur., 915.

The defendants were not compelled to go forward or lose their case, simply upon a *prima facie* showing by the plaintiff.   *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398.   A *"prima facie* case" means and means no more than evidence sufficient to justify, but not to compel an inference of liability, if the jury so find.   It furnishes evidence to be weighed,

but not necessarily to be accepted by the jury. It simply carries the case to the jury for determination, and no more. *McDaniel v. A. C. L. Ry.,* 190 N. C., 474, 130 S. E., 208. "A *prima facie* showing merely takes the case to the jury, and upon it alone they may decide with the actor or they may decide against him, and whether the defendant shall go forward with evidence or not is always a question for him to determine" —*Varser, J.,* in *Hunt v. Eure,* 189 N. C., 482, 125 S. E., 484.

The rule as to the burden of proof constitutes a substantial right, for upon its application many cases are made to turn, and error in respect thereof usually entitles the party aggrieved to a new trial. *Fisher v. Jackson,* 216 N. C., 302, 4 S. E. (2d), 847; *Williams v. Ins. Co.,* 212 N. C., 516, 193 S. E., 728; *Hosiery Co. v. Express Co.,* 184 N. C., 478, 114 S. E., 823.

Furthermore, in several instances the jury was instructed that "an adverse claim to land" would ripen into a perfect title, by virtue of the statute of limitations, where the possession relied upon is "actual possession of some part of the land." Then again, "actual possession of land consists in exercising dominion over it, in making the ordinary use of it, and in taking the profits of which it is susceptible in its present condition." And further, "the possession which will ripen into a title must be indicated by such acts as are sufficient to notify mankind that the party in possession is claiming the land as his own, and must be so repeated as to show that they are done in the character of owner and not of an occasional trespasser."

While these are recognized expressions, quite proper in ordinary actions of trespass or ejectment where no distinction is made between surface rights and mineral rights, still on the instant record where plaintiff's surface rights are conceded and the mineral rights alone are involved in the claim of adverse possession, it would seem that some appropriate limitation on the use of the words "land" and "some part of the land" might have been in order. Especially so, since the plaintiff is not claiming any mineral rights in part of the property, 68 acres, embraced within the boundaries of his deed. It is conceded that the defendants are in possession of the mineral rights on this 68 acres. They claim title to the mineral rights, not only in the 68 acres, but also in the entire 375-acre tract—sole owners of the northern part and half-owners of the southern part—under conveyances embracing a much larger territory and senior in point of time to plaintiff's deed. This, of course, brings into the case a question of lappage, which has been the subject of much debate. *Berry v. Coppersmith,* 212 N. C., 50, 193 S. E., 3; *Shelly v. Grainger,* 204 N. C., 488, 168 S. E., 736; *Penny v. Battle,* 191 N. C., 220, 131 S. E., 627; *Currie v. Gilchrist,* 147 N. C., 648, 61 S. E., 581.

The following pertinent rules have been established by the decisions:

1. Where the title deeds of two rival claimants to land lap upon each other, and neither is in the actual possession of any of the land covered by both deeds, the law adjudges the possession of the lappage to be in the one who has the better title. *Penny v. Battle, supra.*

2. If one be seated on the lappage and the other not, the possession of the whole interference is in the former. *Shelly v. Grainger, supra; Currie v. Gilchrist, supra.*

3. If both have actual possession of some part of the lappage, the possession of the true owner, by virtue of his superior title, extends to all not actually occupied by the other. *McLean v. Smith,* 106 N. C., 172, 11 S. E., 184; *Asbury v. Fair,* 111 N. C., 251, 16 S. E., 467.

Here, the defendants take the position that the entire boundary of the 375-acre tract constitutes the lappage; and so they assert ownership and possession of the mineral rights in the whole tract under alleged superior titles and by virtue of their mining operations and admitted possession of the minerals on the 68 acres, and deny plaintiff's mining operations were of such character and extent as to amount to any adverse possession. *Currie v. Gilchrist, supra;* 1 Am. Jur., 915. The plaintiff, on the other hand, claims the mineral rights adversely by reason of alleged mining operations under color of his deed. Also, in reply to the contrary position, the plaintiff asserts that the doctrine of constructive possession cannot avail the defendants beyond the boundaries of the 68-acre tract, because they hold the mineral rights on this tract under a separate conveyance. *Lumber Co. v. Cedar Works,* 168 N. C., 344, 84 S. E., 523; *Basnight v. Meekins,* 121 N. C., 23, 27 S. E., 992; *Carson v. Burnett,* 18 N. C., 546. The defendants counter by saying they are not remitted entirely to the doctrine of constructive possession, and finally they invoke the doctrine of *possession pedis,* and if need be the doctrine of subsequent entry and ouster, against the plaintiff's claim of constructive possession. *Hunnicutt v. Peyton,* 102 U. S., 333, 26 L. Ed., 113; 1 Am. Jur., 856. In further reply, the plaintiff says his claim of adverse possession had already ripened into a perfect title before the defendants acquired their deeds.

We omit any discussion of the evidence offered by the opposing parties to support their respective contentions, so as not to prejudice either on the further hearing.

It is generally held for law that where one enters upon real estate under adverse deed or title, possession so taken will be construed to extend to the boundaries of the deed or title; and although the deed or title may turn out to be defective or void, yet the true owner will be deemed disseized to the extent of the boundaries of such deed or title,

unless at the same time, the true owner be in possession of a part of the estate, claiming title to the whole, in which event his seizin will extend by operation of law to all not in the actual close or occupancy of the party entering and claiming under a defective deed or titles: *Clarke's Lessee v. Courtney,* 30 U. S., 319, 8 L. Ed., 140. Both parties cannot be seized at the same time of the same estate under different titles, and so the law declares the seizin of all not in the actual occupancy of the adverse party to be in the one who has the better title.

Exception is also taken to the following expression in the charge: "Plaintiff therefore contends the defendants have failed to establish paper-title to the minerals and mining rights because they have not gone on back to the State." While this exception in the form presented cannot be sustained, as it is directed to a contention which was not seasonably called to the court's attention and opportunity afforded to correct it, *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360, nevertheless it may be appropriate to say that in actions involving title to real property, where the State is not a party, other than in trials of protested entries laid for the purpose of obtaining grants, the title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so. G. S., 1-36; *Ramsey v. Ramsey, ante,* 110, 29 S. E. (2d), 340; *Ward v. Smith,* 223 N. C., 141, 25 S. E. (2d), 463; *Dill-Cramer-Truitt Corp. v. Downs,* 195 N. C., 189, 141 S. E., 570; *S. c.,* 201 N. C., 478, 160 S. E., 492.

There are other matters appearing on the record which have been urged with confidence and manifest research. They are put aside because of the necessity of awarding a new trial for error in the charge, as indicated, and the probability that they may not arise on the future hearing.

Another trial seems necessary. It is so ordered.

New trial.