Zimmerman, J.
Defendant, the appellant in this court, claims that the Court of Appeals erred to his prejudice in not discharging him and in remanding the cause to the Municipal Court for the imposition of sentence.
As disclosed by the briefs of counsel, Section 2410-2, Municipal Code of Cleveland, which finds its counterpart in Section 6307-41, General Code, reads:
*334 “The operator of a vehicle, streetcar or trackless trolley within an intersection intending to turn to the left shall yield the right of way to the driver of any vehicle, streetcar or trackless trolley approaching from the opposite direction.”
And as disclosed by the briefs, Section 2401, Municipal Code of Cleveland, analogous to Section 6307-2, General Code, defines “right of way” as follows:
“The right of a vehicle, streetcar, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley or pedestrian approaching from a different direction into its or his path.”
The bill of exceptions is comparatively short and consists of the testimony of four witnesses, all called by the city, and two exhibits. Three of these witnesses were the driver of an automobile and his two passengers who saw the collision between the tractor-trailer combination and another automobile coming in the opposite direction, and the fourth was a police officer of the city of Cleveland who arrived on the scene shortly after the collision and took two photographs of the collided vehicles in the position in which they had stopped. The defendant did not take the stand and called no witnesses.
The uncontradicted evidence is to the effect that shortly after 6 a. m. on August 30, 1950, the defendant drove the large tractor-trailer combination out of a filling station at a corner of Payne avenue and East 21st street in the city of Cleveland, turned it west on Payne avenue and continued to drive it west in the right or north traffic lane next to the center line of the street at a speed of 20 miles an hour until it arrived at a point where Payne avenue is intersected by East. 18th street. The electric traffic light there *335 located was then, “green” for eastbound and westbound traffic over Payne avenue. Defendant proceeded into the intersection and turned abruptly to the left. A collision with a passenger automobile traveling east. on its proper side of Payne avenue immediately ensued.
Defendant contends that he should not have been found guilty under the ordinance invoked by the city because the automobile involved in the collision was proceeding in an “unlawful manner” and consequently had no “right of way.”
In making this point, defendant relies on the testimony of one of the city’s witnesses who, on cross-examination, stated:
“Q. That car [the one implicated in the collision] was coming toward you at least 30 miles an hour, wasn’t it? A. That is how I figured, anyhow.
“Q. You figured about 30 miles an hour, the .speed of that approaching car; is that correct? A. Yes, sir.
“Q. Could it have been going faster? A. Maybe. I don’t know. I just figured that, that is all.
“Q. It was coming at least 30 miles an hour, wasn’t it? A. Yes.”
Defendant recites in his brief and also stated the same thing in oral argument before this court that “the accident occurred in a zone where the speed limit was 25 miles an hour under the ordinances of the city of Cleveland.”
Doubtless, the Municipal Court took judicial notice of all the ordinances of the city of Cleveland which had any direct bearing on the cause before it. None of these ordinances is incorporated in the bill of exceptions or is to be found in the record, but the rule of law adopted by this court is “that an appellate court, in reviewing a judgment of a Municipal Court on questions of law, may take judicial notice of an *336 ordinance of which, the Municipal Court did and was entitled to take notice.” Orose v. Hodge Drive-It-Yourself Co., Inc., 132 Ohio St., 607, 612, 9 N. E. (2d), 671, 673, 111 A. L. R., 954. See, also, Village of Strongsville, v. McPhee, 142 Ohio St., 534, 539, 53 N. E. (2d), 522, 524, holding that “it was the duty of the mayor to take judicial notice of the ordinance and where such duty rests upon the trial court the appellate courts will likewise take such judicial notice.”
Testimony given in the instant case was to the effect that, when defendant began to make the left turn from Payne avenue into East 18th street, the automobile involved in the collision, approaching from the west over Payne avenue, was no more than 20 or 30 feet distant. One witness testified that “it was almost in front of” the defendant. The police officer deposed that the defendant told him after the collision that he did not see the approaching automobile “until it was right on top of me.” It would, therefore, seem apparent that the 30-mile-per-hour speed of the automobile as testified to was not a factor in the collision but that the collision was due entirely to the sudden left turn of the tractor-trailer without regard for the existing traffic conditions on Payne avenue.
Section 2407, Municipal Code of Cleveland, relating to the speed of “a motor vehicle, trackless trolley or streetcar,” is similar in context to Section 6307-21, General Code, and provides that “it shall be prima facie unlawful for any person to exceed any of the foregoing or any other lawfully established speed limitations.” In the present instance the speed limitation involved is “twenty-five miles per hour.”
Under such phraseology in a statute or ordinance a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the particular statute or ordinance. Such a *337 provision is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence that in the circumstances the speed was neither excessive nor unreasonable. 61 Corpus Juris Secundum, 747, 751, Motor Vehicles, Sections 641, 647.
A prima facie case may be defined as one in which the evidence introduced is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily accepted by the trier of the facts. Vance v. Guy, 224 N. C., 607, 31 S. E. (2d), 766; McCoy v. Courtney, 25 Wash. (2d), 956, 172 P. (2d), 596, 170 A. L. R., 603.
The Municipal Court found the defendant guilty of violating Section 2410-2, Municipal Code of Cleveland, by turning his vehicle to the left directly into or in front of the oncoming automobile, thereby causing the collision, and apparently concluded, on the basis of the facts developed, that the driver of the automobile was not at fault and was not proceeding in such manner as to forfeit his right of way.
This court does not weigh evidence. Prom an examination of the bill of exceptions and for the reasons above expressed, we are of the opinion that the finding of guilty was justified, and that no sufficient reason exists for reversing the judgment of the Court of Appeals. Such judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J(, Middleton, Taet, Matthias and Halt, JJ., concur.